**In the Matter of T.R.S., Appellant,**

v.

**STATE of Texas, State.**

**No. 2–83–163–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 4, 1984.

Richard S. Podgorski, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Beverly Fisher, Asst. Dist. Atty., Denton, for appellee.

Before HUGHES, ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from an adjudication hearing before a jury wherein T.R.S. was found to have engaged in delinquent conduct. A disposition hearing was later held before the Juvenile Court and T.R.S. was committed to the Texas Youth Council until his eighteenth birthday.

We affirm.

Four points of error are raised on appeal in which T.R.S. complains: 1) the evidence was insufficient to establish the value of the stolen property; 2) the information was fundamentally defective because it did not sufficiently describe the stolen property; 3) the trial court erred in denying T.R.S.'s motion for speedy trial; and 4) the trial court abused its discretion by committing T.R.S. to the Texas Youth Council.

On January 22, 1982, T.R.S. was caught stealing a woman's purse out of a baby stroller at the Golden Triangle Mall in Denton, Texas. A petition alleging delinquent conduct was filed on October 7, 1982. On December 16, 1982, a hearing was held before a jury which found T.R.S. guilty of delinquent conduct. After hearing evidence of the child's previous acts and current circumstances, the Juvenile Court committed T.R.S. to the Texas Youth Council.

■ Actions in the juvenile court are initiated by a petition for an adjudication hearing made by a prosecuting attorney. TEX.FAM.CODE ANN. sec. 53.04(a) (Vernon 1975). The Code of Criminal Procedure is not controlling in these cases. Section 53.04(d) of the Family Code requires that the petition state:

(1) with reasonable particularity the time, place and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts.

The petition in this case alleges that T.R.S.:

did violate a penal law of this State punishable by imprisonment, to-wit: Section 31.03 of the Texas Penal Code in that he did then and there knowingly and intentionally appropriate, by acquiring and otherwise exercising control over property, to-wit: a purse of the value of more than five dollars and less than twenty dollars from Pam Sheridan, without the effective consent of Pam Sheridan, the owner thereof, and with intent to deprive the owner of said property.

Under the requirements of TEX.FAM. CODE ANN. sec. 53.04 (Vernon 1975), the petition is sufficient to describe the property taken. The kind or brand of purse need not be alleged. The second point of error is overruled.

■ In his third point of error, T.R.S. asserts that it was error for the court to deny his Speedy Trial Motion and not dismiss the charge of theft. We find that the Speedy Trial Act is not applicable to cases before the juvenile court conducted under

Title 3 of the Texas Family Code. TEX. FAM.CODE ANN. sec. 51.17 (Vernon 1975) states that:

> Except when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.

■ Juvenile proceedings are civil, not criminal, in nature. *Carrillo v. State,* 480 S.W.2d 612, 615 (Tex.1972). The Attorney General of Texas in Opinion No. H–1252 issued October 5, 1978, stated that since the Speedy Trial Act covers criminal actions which proceed by way of indictment, information, or complaint and an order entered in a juvenile proceeding is expressly not a conviction of a crime which may result in the juvenile's incarceration in a penal institution, the Speedy Trial Act does not apply to proceedings in juvenile court. We agree. The third point of error is overruled.

■ T.R.S. also complains of the sufficiency of the evidence to establish the value of the stolen property. The petition alleges a "purse of the value of more than five dollars and less than twenty dollars" was stolen from Pam Sheridan. Ms. Sheridan's testimony at the hearing showed that the purse was not new, was custom-made and originally cost ten to twelve dollars. She also testified that if someone had offered her five dollars for the purse that day, she would not have taken it.

■ A person may testify as to the value of his personal property to establish a reasonable market value. *Crisp v. Security National Insurance Company,* 369 S.W.2d 326 (Tex.1963).

■ The State is required to show beyond a reasonable doubt, that T.R.S. engaged in delinquent conduct; that is, he violated a penal law of this state punishable by imprisonment or by confinement in jail. TEX.FAM.CODE ANN. sec. 51.03(a)(1) (Vernon 1975). In 1982, at the time the offense was committed, theft of property valued at five dollars or more but less than twenty dollars was a Class B misdemeanor punishable by confinement in jail for a term not to exceed 180 days. TEX.PENAL CODE ANN. sec. 31.03(d)(2)(A) (Vernon 1974); TEX.PENAL CODE ANN. sec. 12.22 (Vernon 1974). Once the value of the purse was established to exceed five dollars, delinquent conduct was shown despite the failure to establish the exact value of the purse. The evidence here was sufficient. The first point of error is overruled.

In his final point of error, T.R.S. argues that the evidence was insufficient to support his commitment to the Texas Youth Council.

On December 27, 1982, a disposition hearing was held before the juvenile court. As recited in its Order of Commitment, the court found that the child is in need of rehabilitation, that the protection of the child and the public requires that disposition be made and that the best interest of the child and society will be served by committing T.R.S. to the care, custody and control of the Texas Youth Council. The court stated as its reasons for the commitment: 1) that the child has previously been adjudicated delinquent and placed on probation; 2) that another probationary term in the custody of his mother would not be beneficial to the child or the community; and 3) that no residential treatment facility is a viable alternative to commitment to the Texas Youth Council.

The evidence at the hearing showed that on May 13, 1981, T.R.S. was adjudicated a child who had engaged in delinquent conduct and that he was placed on probation for a period of twelve months. T.R.S. was referred to the Denton County Juvenile Probation Department on three occasions for offenses committed during that probationary period. The evidence also showed that T.R.S. had been referred to the Probation Department in October of 1982 for failure to enroll in school and that although he enrolled in school on October 26, 1982, he was withdrawn by school authorities on December 6, 1982 for non-attendance. There was also testimony that T.R.S. does not receive adequate supervision in the home and his mother admitted she "can't control his behavior."

Trial courts in juvenile proceedings have broad powers and discretion in determining suitable disposition of children who have engaged in delinquent conduct. *Matter of E.F.*, 535 S.W.2d 213, 215 (Tex. Civ.App.—Corpus Christi 1976, no writ). The trial court had sufficient evidence before it to support its findings and did not abuse its discretion in committing T.R.S. to the Texas Youth Council. The fourth point of error is overruled.

Affirmed.