**Ex parte Tyrant Anthony GREEN.**

No. 69396.

Court of Criminal Appeals of Texas,
En Banc.

April 17, 1985.

Nancy B. DeLong, Huntsville, for appellant.

Henry Wade, Dist. Atty. & Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a postconviction writ of habeas corpus brought before the Court pursuant to Article 11.07, V.A.C.C.P.

To three separate indictments alleging aggravated robbery applicant plead guilty; thereupon he was convicted and sentenced to concurrent ten year sentences. Applicant here contends that he should be given credit on his sentences for time spent in a juvenile detention center between his having been taken into custody upon committing the robberies and his being sentenced in the causes.

At the time of the commission of these offenses applicant was sixteen years old. On the night of January 14, 1983 police officers observed applicant and an accomplice in the act of robbing and sexually molesting three young women in Dallas. Applicant was taken into custody and referred to the Dallas County Juvenile Department's detention center. See V.T.C.A. Family Code, §§ 52.01(a)(2), 52.02(a)(3). On January 17, presumably as a result of a detention hearing pursuant to Family Code, § 54.01, applicant was detained further on the order of the juvenile court. Applicant was released on March 21, 1983. Subsequently, on August 23, 1983 he was "re-arrested." The instant indictments were filed August 31.[1] The judgment in each of the three robbery convictions grants appli-

---

1. Apparently, though it is not indicated in the record, jurisdiction of the matter was transferred to the criminal district court pursuant to V.T.C.A. Family Code, § 54.02.

cant credit for time served in jail beginning August 23.

Applicant now contends that by operation of Article 42.03, § 2(a) [2] he is entitled to credit for the 67 days, from January 14 until March 21, that he was confined in the juvenile detention center. He asserts that his detention under the court order "effectively held him in constructive custody. *Ex parte Newell*, 582 S.W.2d 835 (Tex.Cr.App. 1979) [,]" and that "[w]hen the applicant does not have a choice of custodian and is held on a particular cause, he is entitled to credit for time served. *Ex parte Williams*, 551 S.W.2d 416 (Tex.Cr.App.1977). See also, *Ex parte Pizzalota*, 610 S.W.2d 486 (Tex.Cr.App.1981)[.]"

The question is thus presented whether time spent by a juvenile in a detention center, where he was confined as a result of behavior which, if committed by an adult would constitute a penal offense, may be credited to a sentence he subsequently receives in a court of criminal jurisdiction to which the case has been transferred.

The district court recommended that relief be denied. In its conclusions of law the court reasoned that, because the policy considerations in detaining juveniles are not comparable to those which underly the incarceration of adult offenders, detention of a juvenile pursuant to V.T.C.A. Family Code, Chapters 52 and 53 should not be treated as "constructive custody" for purposes of implementing penal sanctions. The court concluded that "[b]ecause juvenile confinement is not considered punishment, see *Schall v. Martin*, [— U.S. —, —, 104 S.Ct. 2403, 2412, 81 L.Ed.2d 207, 220 (1984) ], the legislature [in enacting Article 42.03, § 2(a), supra] could not have intended for that time to be applied towards a person's sentence."

We disagree.

To compare the respective policies behind juvenile confinement and adult incarceration in this context is to miss the point.

More illuminating for purposes of construing Article 42.03, § 2(a), supra, is the comparison between pretrial detention of adults and the detention of a juvenile prior to his delinquency adjudication hearing, see V.T.C.A. Family Code, § 54.03, and his disposition hearing, if any, see V.T.C.A. Family Code, § 54.04.

That juvenile detention is not considered punishment is of no moment; adult confinement prior to trial is not for punishment either. As the Supreme Court pointed out in *Schall:*

"It is axiomatic that '[d]ue process requires that a pretrial detainee not be punished.' *Bell v. Wolfish*, 441 US [520] at 535 n 16, 60 L Ed 2d 447, 99 S Ct 1861 [at 1872 n. 16 (1979)]."

— U.S. at —, 104 S.Ct. at 2412, 81 L.Ed.2d at 220. In *Bell*, supra, it was observed:

"A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. He has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest.' *Gerstein v. Pugh*, supra, 420 U.S. [103], at 114, 95 S.Ct. [854], at 863 [43 L.Ed.2d 54 (1975) ]; see *Virginia v. Paul*, 148 U.S. 107, 119, 13 S.Ct. 536, 540, 37 L.Ed. 386 (1893). [ . . . ] Under such circumstances, the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."

441 U.S. at 536, 99 S.Ct. at 1872, 60 L.Ed.2d at 466. *Schall* supports the proposition that neither adults *nor* juveniles may be constitutionally detained pretrial for purposes of *punishment*. Hence, the court's reliance on *Schall* proves inapposite, and its invocation of policy differences as a

---

**2.** Article 42.03, § 2(a) reads:

"In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court."

justification for denying relief, insubstantial.

■ Though it has been held that generally there is no Federal constitutional right to credit for time served prior to sentence, see *Caraway v. State*, 550 S.W.2d 699 (Tex.Cr.App.1977); *Ex parte Eden*, 583 S.W.2d 632 (Tex.Cr.App.1979), the Legislature has amended Article 42.03, § 2, supra, to make it mandatory that the trial court award such credit. Acts 1973, 63rd Leg., p. 205, ch. 91, § 1, eff. August 27, 1973. In so doing the Legislature recognized that pretrial confinement, though not instigated for purposes of punishment, nevertheless has an incidental punitive effect in that it deprives the detainee of his liberty. To compensate for this deprivation the Legislature provided that whenever that detainee is ultimately assessed a term of imprisonment the convicting court shall grant credit to his sentence for time spent in pretrial detention, even though the detention was not imposed *at the time* for purposes of punishment.

Once a juvenile is "certified" as an adult under V.T.C.A. Family code, § 54.02, it makes no difference that "said cause" began as a civil proceeding, see *T.R.S. v. State*, 663 S.W.2d 920 (Tex.App.—Ft. Worth 1984, no writ), since "[o]n transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965." Section 54.02(h), supra. We do not think that in enacting Article 42.03, § 2(a) the Legislature intended that an individual initially detained as a juvenile and later certified an adult, then prosecuted and sentenced accordingly, should be treated any differently than one who is initially detained as an adult.

■ We therefore hold applicant is entitled to the flat time credit he seeks,[3] from January 14, 1983 to March 21, 1983. A copy of this opinion will be forwarded to the Texas Department of Corrections.

It is so ordered.

---

3. Applicant does not raise, nor do we decide his eligibility for "good time" credit under Article

TEAGUE, Judge, dissenting.

Because I believe that the majority misinterprets and misconstrues Art. 42.03, Section 2(a), V.A.C.C.P., erroneously applies to this cause the equal protection clauses of the respective constitutions, and fails to discuss certain subjects that will surely confront this overworked Court in the near future, I am compelled to dissent.

The question that is before this Court is whether Art. 42.03, Section 2, V.A.C.C.P., or some other law, can be invoked and applied in order to give jail credit to Tyrant Anthony Green, applicant, for the period of time that he spent in a Dallas County juvenile detention center before he was transferred to a criminal district court to stand trial as an adult.

The record reflects that Green has received jail credit for all of the time when he was confined in the Dallas County Jail awaiting trial as an adult. The record further reflects that Green was confined in a Dallas County juvenile detention center from January 14, 1983, until March 21, 1983, before he was ordered by the Juvenile Court of Dallas County to be transferred to a criminal district court of Dallas County to stand trial as an adult.

Art. 42.03, Sec. 2, supra, expressly provides:

In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence *for the time that the defendant has spent in jail in said cause*, from the time of his arrest and confinement until his sentence by the trial court. [Emphasis Added.]

It should be obvious to anyone that Art. 42.03, Section 2(a), supra, is clearly worded. Under the statute, a defendant is to be given jail credit only for each day he spends in jail solely on account of a charge or charges pending against him in a particular cause. A juvenile who is detained in a

---

42.03, § *4*, V.A.C.C.P.

juvenile detention facility, however, does not stand accused or charged with anything until a petition to adjudicate him a delinquent or to transfer him to district court to stand trial as an adult is filed, and it is only in the instance of transfer that a formal criminal charge or accusation is later filed against him.

The language of the statute which is important here is the phrase, ". . . for the time that the defendant has spent in jail in said cause." Because of the express wording of Art. 42.03, Section 2(a), supra, I am unable to agree with the majority opinion that "the cause" for which Green was detained in the juvenile detention center is one and the same "causes" for which he is presently confined in the Department of Corrections. See and compare *Ex parte Crossley*, 586 S.W.2d 545 (Tex.Cr.App. 1979), for a further discussion of the meaning of the phrase "in the cause."

It is obvious to me that when Green was detained in the juvenile detention center he was only detained in order for the Juvenile Court of Dallas County to make the determination of what disposition should be made of him. Thus, "the cause" for which Green was being detained by the juvenile authorities is not "the same causes" for which he was prosecuted and convicted.

If Art. 42.03, Section 2(a), supra, did not expressly limit itself to the granting of jail credit for the time a defendant has spent "in jail in said cause" I might agree with the majority opinion. However, the great State of Texas, contrary to some of our sister States, has not seen fit to statutorily grant a defendant credit for the period of time that he might have spent in a juvenile detention center. See and compare *Escobedo v. Oleisky*, 339 N.W.2d 263 (Minn.Sup. Ct.1983), where the Minnesota Supreme Court discussed its state's statute that provides that a defendant is entitled to jail credit "for all the time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Unquestionably, now that the Legislature is in session, it should amend Art. 42.03, Section 2(a), supra, to read as the Minnesota statute does. Then, but only then, will it be permissible and lawful for this Court to grant juveniles who are tried as adults credit for the period of time that they might have spent in a juvenile detention center.

The majority opinion states: "We do not think that in enacting Article 42.03, § 2(a) the Legislature intended that an individual initially detained as a juvenile and later certified an adult, then prosecuted and sentenced accordingly, should be treated any differently than one who is initially detained as an adult." In light of the express wording of Article 42.03, Section 2(a), supra, how one can implicitly state that Green is being deprived of equal protection under our laws by being denied credit on his sentences for the period of time he spent in a juvenile detention center is beyond my comprehension. To make the analogy that the majority opinion does causes me to exclaim, "Color me amazed."

It should be clear as crystal to anyone that all juveniles who are tried as adults in our criminal justice system are treated equally, and from the moment of transfer they are guaranteed all of the rights that an adult is entitled to receive.

I also observe that the majority opinion does not state whether what it holds today in Green's case is to be applied retroactively or whether it will have only prospective application to inmates similarly situated.

I predict that if the majority opinion is to be applied retroactively this overworked Court will soon be blessed with a torrent of applications for post-conviction relief from juveniles who were tried as adults seeking recomputation of their time. I also believe that it will be virtually impossible for the authorities to make such recomputations. Therefore, I strongly urge the majority of this Court to consider making its opinion only applicable from this day forward to those persons who have been confined in juvenile detention centers prior to their trials as adults, rather than to implicitly hold that its decision is to be applied retroactively. See and compare *Pruett v. Texas*,

468 F.2d 51 (5th Cir.1972), and *Pruett v. Texas*, 470 F.2d 1182 (5th Cir.1973), where the mighty Fifth Circuit Court of Appeals refused to apply its decision awarding jail credit to prisoners who had their cases on appeal retroactively.

I also observe that the majority opinion fails to take into consideration, in granting Green credit on his sentence, the aspect of "good time" credit. This is simply another reason why the majority opinion should not be approved by the members of this Court.

For all of the above reasons, I respectfully dissent.

WHITE, J., joins.