IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






AP- 74,877






EX PARTE JASON SCOTT WALKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Womack, Keasler, Hervey, Cochran, JJ., join. Cochran, J., filed a concurring
opinion. Johnson, J., filed a dissenting opinion. Holcomb, J., filed a dissenting
opinion, in which Price, J., joined.



O P I N I O N




 Applicant was convicted on a plea of guilty for the offense of Aggravated Robbery on
April 17, 2000. On June 16, 2000, the court deferred adjudication of guilt and placed Applicant
on community supervision for a period of seven years. As a condition of community
supervision, Applicant was ordered to participate in a boot camp program, and to remain in the
Harris County Jail until space became available in the boot camp program. Applicant waited in
the Harris County Jail until he was released to the custody of the boot camp facility on July 11,
2000. On July 26, 2000, Applicant was returned to the Harris County Jail. The record is unclear
as to the particular reason for the early return from boot camp, but it appears to be due to the
Applicant's ineligibility to participate for medical reasons because of a suicide attempt. As a
result, the conditions of community supervision were amended on July 26, 2000, apparently to 
substitute the Substance Abuse Felony Punishment Facility ("SAFPF") for the boot camp
program. Applicant remained in the Harris County Jail from July 26, 2000 until November 21,
2000, when space became available and he was released to SAFPF. Applicant was released from
SAFPF on August 23, 2001. 

 On February 12, 2002, Applicant was arrested pursuant to a Motion to Adjudicate Guilt
brought by the State for failing to comply with the requirements of his community supervision.
The record reflects that Applicant consumed a large amount of a controlled substance, and failed
to participate in the Drug or Alcohol Abuse Continuum of Care Treatment Plan as well as the
Community Based Program Anger Management Treatment as ordered by the court. On February
15, Applicant was sentenced to five years in TDCJ, with time credit given for two different
periods. The first period was from February 12, 2000 to July 11, 2000; the time from which
Applicant was arrested until his plea and order deferring adjudication, and the time Applicant
spent awaiting a space in the boot camp program. The second period was from February 12,
2002 to March 25, 2002, when Applicant was awaiting a transfer from the Harris County Jail to
the Texas Department of Correctional Justice ("TDCJ"). Applicant filed a Time Credit Dispute
Resolution Form with the TDCJ on May 6, 2002 concerning the 119-day period from July 26,
2000 to November 21, 2000, for which he was not given time credit. TDCJ responded on August
30, 2002 that there was no error because the district judge had discretion as to the time credit
awarded in his case. Applicant subsequently filed this application on May 12, 2003. 

 The issue to be decided here is whether Applicant is entitled to time credit toward his 5-year term for the 119-day period that he spent waiting in the Harris County Jail for a space in the
SAFPF.

 Applicant argues that based on the language of Texas Code of Criminal Procedure Art.
42.03 §2(a), he should have received time credit toward his sentence for the 119 days he spent in
Harris County Jail awaiting a space in SAFPF. This section states in part that a judge is required
to award a defendant time credit toward his sentence for any time spent in jail from the time of
his arrest until his sentencing. It also provides an exception for time served as a condition of
community supervision. Tex. Code Crim. Pro. art. 42.03 §2(a).

 In the Applicant's original conditions of community supervision, the court ordered
Applicant to participate in the boot camp program. The court also specifically listed that
Applicant was to remain in the Harris County Jail until space was available in boot camp. In the
1st amended conditions of community supervision, the court deleted the requirement for boot
camp and substituted the SAFPF as the program in which Applicant was required to participate. 
However, the court failed to include a specific instruction that Applicant was to remain in the
Harris County Jail until a space opened up in the SAFPF. Instead, at the bottom of every page of
the 1st amended conditions of community supervision was the order "Release only to SAFPF." 
For this reason, Applicant was held in the Harris County Jail until a space was available at
SAFPF. Applicant asserts that because the phrase "remain in Harris County Jail until a space
opens at SAFPF" was not specifically included, the 119 days are not a condition of community
supervision under Texas Code of Criminal Procedure art. 42.03 §2(a), and the judge was required
to grant him time credit for that period. 

 The State argues that Applicant is not entitled to the 119 days credit because it occurred
during the time that he was on community supervision. The State points to the language of
Texas Code of Criminal Procedure art. 42.12 §23(b), which states in relevant part that "no part of
the time that the defendant is on community supervision shall be considered as part of the time
that he shall be sentenced to serve." Tex. Code Crim. Pro. art. 42.12 §23(b). The State argues
that the 119-day period was time served while Applicant was on community supervision, was
part of the terms of his community supervision, and that Applicant is not entitled to additional
time credit. 

 As Applicant correctly asserts, it is well settled by this Court that defendants are entitled
to time credit toward their sentences for time spent in confinement from arrest to sentencing
according to Texas Code of Criminal Procedure Article 42.03 §2(a). (1) Guerra v. State, 518 S.W.
2d 815 (Tex. Crim. App. 1975); Ex Parte Harrelson, 511 S.W. 2d 957 (Tex. Crim. App. 1974);
Ex Parte Green, 688 S.W. 2d 555 (Tex. Crim. App. 1985); Ex Parte Quinby, 928 S.W. 2d 565
(Tex. Crim. App. 1996); Ex Parte Harris, 946 S.W. 2d 79 (Tex. Crim. App. 1997); Ex Parte
Roberts, 987 S.W. 2d 575 (Tex. Crim. App. 1999). However, in 1993, article 42.03 §2(a) was
amended by the 73rd legislature to provide that the trial judge is not required to give a defendant
credit for time spent in confinement as a condition of community supervision. We have
interpreted this amendment as granting the trial judge the discretion to decide whether a
defendant receives credit for such time. Tex. Code Crim. Pro. art. 42.03 §2(a); Ex Parte
Quinby, 928 S.W. 2d 565 (Tex. Crim. App. 1996) ( holding article 42.03 2(a) "requires a trial
court to give credit for jail time that is not a condition of community supervision, but does not
itself preclude credit for confinement as a condition of community supervision").

 The issue here is whether the 119 days spent waiting for a space in SAFPF by Applicant
was a condition of his community supervision. If they were, the trial judge has discretion as to
whether time credit should be granted. If the 119 days were not a condition of Applicant's
community supervision, under article 42.03 §2(a), the trial judge is required to give the Applicant
an additional 119 days credit toward his sentence upon revocation. To determine this, we
analyze the 1st amended conditions of community supervision and the terms of the original
conditions of community supervision.

 Applicant contends that because the phrase "remain in the Harris County Jail" was not
included in the 1st amended conditions of community supervision, the 119 days waiting for a
space in SAFPF cannot be considered a condition of community supervision. We disagree. In
looking at the document as a whole, it is important to note that at the bottom of each page is the
order "RELEASE ONLY TO SAFPF." It would be absurd for the trial judge to include this
instruction and not intend for the confinement to be a condition of Applicant's community
supervision. The order "RELEASE ONLY TO SAFPF" indicates that it was a condition of his
community supervision that he should wait in the Harris County Jail until a space was made
available for him at SAFPF. 

 Also important is the notation at the bottom of the 1st amended conditions of community
supervision. The notation states the following: "AMENDED TO DELETE BOOT CAMP
ADDING SAFPF." These words indicate that the only change between the original conditions
and the amended conditions was that boot camp was replaced with SAFPF. The substitution is
evidence that the only thing to be changed in the amended conditions was the program Applicant
was to complete, since he failed to complete the program first ordered. 

 The notations and orders in the 1st amended conditions of community supervision,
coupled with the surrounding events and circumstances requiring the amended conditions,
indicate that the 119 days were served as a term of the community supervision. Accordingly, the
trial judge was not required to award Applicant the 119-day time credit and Applicant is not
entitled to relief. 

 Meyers, J.


Delivered: December 1, 2004

Publish

 

 
1. Texas Code of Criminal Procedure Article 42.03 §2(a) states : " In all criminal cases the
judge of the court in which the defendant was convicted shall give the defendant credit on his
sentence for the time that defendant has spent in jail in said cause, other than confinement served
as a condition of community supervision, from the time of his arrest and confinement until his
sentence by the trial court."