IN THE MATTER OF J.D.L.Z.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-037-CV

IN THE MATTER OF J.D.L.Z. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

J.D.L.Z. was adjudicated delinquent and committed to the Texas Youth Commission (TYC) for an indeterminate period, not to exceed his twenty-first birthday.  In his sole issue on appeal, J.D.L.Z. argues that the disposition is void because the State’s petition did not authorize commitment to TYC nor did it give fair notice of the State’s intent to seek commitment to TYC.
(footnote: 2)  He also argues that the legislature’s failure to include a notice provision regarding habitual misdemeanor conduct is a legislative oversight, and that case law requires the State to plead prior misdemeanor adjudications in order to commit a juvenile to TYC.  We affirm.

THE PETITION AND NOTICE

J.D.L.Z. contends that because the State did not allege his prior misdemeanor adjudications in its pleading, commitment to TYC is not authorized by law.  This action is in juvenile court; therefore, it is the Texas Family Code which in controlling, not the Texas Code of Criminal Procedure.  
Robinson v. State
, 707 S.W.2d 47, 48-49 (Tex. Crim. App. 1986);
 In the Matter of T.R.S. v. State
, 663 S.W.2d 920, 921 (Tex. App.—Fort Worth 1984, no writ).  The statutory requirements of a petition are found in section 53.04 of the Texas Family Code.  
Tex. Fam. Code Ann. § 53.04
(d) (Vernon 2002).  Section 53.04 specifies the form, the necessary content of the allegations, the identity of all interested parties, and where each may be served with summons.  
See id
.
 § 53.04(
a)-(d); 
see also id
. § 53.06 (
summons) and § 53.07 (service of summons).  The statute further provides that the State must plead a child’s prior 
felony
 adjudications if the child is alleged to have engaged in habitual felony conduct.  
See id
. § 53.04
(
d)(5).  But the statute does not require the State to plead former 
misdemeanor
 adjudications.  
See
 
id
.  A review of the petition filed by the State shows that it is in full compliance with the Texas Family Code.  
See
 
id
. § 53.04.  

To commit a juvenile offender to TYC for an indeterminate sentence, the court or jury must find at the conclusion of the adjudication hearing that the juvenile engaged in delinquent conduct that violated a felony penal law on at least one previous occasion, or delinquent conduct that violated a misdemeanor penal law on at least two previous occasions.  
See id.
 §§ 54.04(
d)(2) (Vernon Supp. 2004-05); 54.04(s) (Vernon Supp. 2004-05); 54.04(t) (Vernon Supp. 2004-05).  Again the statute does not require the State to plead previous misdemeanor adjudications in order to commit a juvenile offender to TYC.  
See id. 
 

In this case, at the conclusion of the adjudication hearing, the court found that J.D.L.Z. had been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of misdemeanor on at least two previous occasions.  Thus, his commitment to TYC “for an indeterminate period of time not to exceed the time when [J.D.L.Z.] shall be [twenty-one] years of age” was one of the possible consequences of the adjudication of delinquency.  
See
 
id
. § 54.04(
d)(2).
  

J.D.L.Z. also contends that the disposition is void because the State failed to give him did adequate notice of its intent to seek commitment to TYC.  He argues that the petition did not provide information sufficient to enable him to prepare a defense.  J.D.L.Z. states that Rule 47 of the Texas Rules of Civil Procedure requires the State to provide in its petition a short statement of the cause of action sufficient to give fair notice of the claim involved.  
See
 
Tex. R. Civ. P. 47.  
To support his assertion, J.D.L.Z. cites to criminal cases that discuss the accused’s right to be advised that the State is seeking a greater penalty.
  See Brooks v. State
, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997); 
Hollins v. State
, 571 S.W.2d 873, 876 (Tex. Crim. App. 1978).  However, a reading of the petition shows that J.D.L.Z. was put on fair notice that he was charged with delinquent conduct and that his liberty was at stake.
(footnote: 3)  See Matter of S.B.C.
, 805 S.W.2d 1, 7 (Tex. App.—Tyler 1991, writ denied) (juvenile was put on fair notice that he was charged with delinquent conduct and that his liberty was at stake where petition showed the State sought “such disposition of the care, control and custody,” of the juvenile as the trial court deemed “just and proper”).  In any event, as a juvenile court case, this cause is controlled by the Texas Family Code.  
See
 
Tex. Fam. Code Ann. § 53.04
.  Accordingly, the general sufficiency of the petition is governed by Texas Family Code section 53.04.  
Id
.  As previously discussed, the State’s petition complied fully with the statutory requirements. 

MISDEMEANOR NOTICE PROVISION

Finally, J.D.L.Z. contends that the legislature’s failure to include a misdemeanor notice provision comparable to the habitual felony notice pleading requirement could only be attributed to legislative oversight.  But section 53.04(d)(5) demonstrates that the legislature knows how to include language requiring the State to plead certain allegations in its pleading.  
See
 
id
. § 53.04(d)(5).  And as a general rule, statues are to be strictly construed and not extended to meet facts and circumstances for which no provision is made.  
Yates Ford, Inc. v. Ramirez
, 692 S.W.2d 51, 55 (Tex. 1985).  

We hold that the State’s petition complied with the statutory requirements and that J.D.L.Z. was given sufficient notice to enable him to prepare a defense.  We further hold that the legislature did not intend to require the State to plead habitual misdemeanor conduct.  Accordingly, J.D.L.Z.’s disposition was not illegal, and thus not void.  

CONCLUSION

Because J.D.L.Z. has failed to allege an error that could render the disposition void, his sole issue on appeal is overruled.  The judgment of the trial court is affirmed.

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: September 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A void judgment is a nullity and can be attacked at any time.  
Ex parte Patterson
, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998).  Judicial functions performed by one without any authority to act may be void.  
Davis v. State
, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997).  But a judgment is void only in very rare situations–usually due to a lack of jurisdiction.  
Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).

3:
The State’s pleading says that J.D.L.Z. committed an offense that is punishable by imprisonment.  The State’s prayer requests that J.D.L.Z. be ordered to pay a reasonable sum for support if he is committed to TYC.