COURT
OF APPEALS

                  SECOND
DISTRICT OF TEXAS

                           FORT
WORTH

 

 

                                        NO.
2-05-037-CV

 

 

IN THE MATTER OF J.D.L.Z.                                                                  

 

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








J.D.L.Z. was adjudicated delinquent and committed
to the Texas Youth Commission (TYC) for an indeterminate period, not to exceed
his twenty-first birthday.  In his sole
issue on appeal, J.D.L.Z. argues that the disposition is void because the State=s
petition did not authorize commitment to TYC nor did it give fair notice of the
State=s intent
to seek commitment to TYC.[2]  He also argues that the legislature=s
failure to include a notice provision regarding habitual misdemeanor conduct is
a legislative oversight, and that case law requires the State to plead prior
misdemeanor adjudications in order to commit a juvenile to TYC.  We affirm.

THE PETITION AND NOTICE








J.D.L.Z. contends that because the State did not
allege his prior misdemeanor adjudications in its pleading, commitment to TYC
is not authorized by law.  This action is
in juvenile court; therefore, it is the Texas Family Code which in controlling,
not the Texas Code of Criminal Procedure. 
Robinson v. State, 707 S.W.2d 47, 48-49 (Tex. Crim. App. 1986);
In the Matter of T.R.S. v. State, 663 S.W.2d 920, 921 (Tex. App.CFort
Worth 1984, no writ).  The statutory
requirements of a petition are found in section 53.04 of the Texas Family
Code.  Tex.
Fam. Code Ann. ' 53.04(d) (Vernon 2002).  Section 53.04 specifies the form, the
necessary content of the allegations, the identity of all interested parties,
and where each may be served with summons. 
See id. ' 53.04(a)-(d); see
also id. ' 53.06
(summons) and ' 53.07 (service of
summons).  The statute further provides
that the State must plead a child=s prior felony
adjudications if the child is alleged to have engaged in habitual felony
conduct.  See id. ' 53.04(d)(5). 
But the statute does not require the State to plead former misdemeanor
adjudications.  See id.  A review of the petition filed by the State
shows that it is in full compliance with the Texas Family Code.  See id. '
53.04.  

To commit a juvenile offender to TYC for an
indeterminate sentence, the court or jury must find at the conclusion of the
adjudication hearing that the juvenile engaged in delinquent conduct that
violated a felony penal law on at least one previous occasion, or delinquent
conduct that violated a misdemeanor penal law on at least two previous
occasions.  See id. '' 54.04(d)(2) (Vernon Supp. 2004-05);
54.04(s) (Vernon Supp. 2004-05); 54.04(t) (Vernon Supp. 2004-05).  Again the statute does not require the State
to plead previous misdemeanor adjudications in order to commit a juvenile offender
to TYC.  See id.  








In this case, at the conclusion of the
adjudication hearing, the court found that J.D.L.Z. had been adjudicated as
having engaged in delinquent conduct violating a penal law of the grade of
misdemeanor on at least two previous occasions. 
Thus, his commitment to TYC Afor an
indeterminate period of time not to exceed the time when [J.D.L.Z.] shall be
[twenty-one] years of age@ was one of the possible
consequences of the adjudication of delinquency.  See id. ' 54.04(d)(2).  








J.D.L.Z. also contends that the disposition is
void because the State failed to give him did adequate notice of its intent to
seek commitment to TYC.  He argues that
the petition did not provide information sufficient to enable him to prepare a
defense.  J.D.L.Z. states that Rule 47 of
the Texas Rules of Civil Procedure requires the State to provide in its
petition a short statement of the cause of action sufficient to give fair
notice of the claim involved.  See
Tex. R. Civ. P. 47.  To support his assertion, J.D.L.Z.
cites to criminal cases that discuss the accused=s right
to be advised that the State is seeking a greater penalty.  See Brooks v. State, 957 S.W.2d 30, 34
(Tex. Crim. App. 1997); Hollins v. State, 571 S.W.2d 873, 876 (Tex.
Crim. App. 1978).  However, a reading of
the petition shows that J.D.L.Z. was put on fair notice that he was charged
with delinquent conduct and that his liberty was at stake.[3]  See Matter of S.B.C., 805 S.W.2d 1, 7
(Tex. App.CTyler 1991, writ denied)
(juvenile was put on fair notice that he was charged with delinquent conduct
and that his liberty was at stake where petition showed the State sought Asuch
disposition of the care, control and custody,@ of the
juvenile as the trial court deemed Ajust and
proper@).  In any event, as a juvenile court case, this
cause is controlled by the Texas Family Code. 
See Tex. Fam. Code Ann. ' 53.04.  Accordingly, the general sufficiency of the
petition is governed by Texas Family Code section 53.04.  Id. 
As previously discussed, the State=s
petition complied fully with the statutory requirements. 

MISDEMEANOR NOTICE PROVISION

Finally, J.D.L.Z. contends that the legislature=s
failure to include a misdemeanor notice provision comparable to the habitual
felony notice pleading requirement could only be attributed to legislative
oversight.  But section 53.04(d)(5)
demonstrates that the legislature knows how to include language requiring the
State to plead certain allegations in its pleading.  See id. '
53.04(d)(5).  And as a general rule,
statues are to be strictly construed and not extended to meet facts and
circumstances for which no provision is made. 
Yates Ford, Inc. v. Ramirez, 692 S.W.2d 51, 55 (Tex. 1985).  








We hold that the State=s
petition complied with the statutory requirements and that J.D.L.Z. was given
sufficient notice to enable him to prepare a defense.  We further hold that the legislature did not
intend to require the State to plead habitual misdemeanor conduct.  Accordingly, J.D.L.Z.=s
disposition was not illegal, and thus not void. 


CONCLUSION

Because J.D.L.Z. has failed to allege an error
that could render the disposition void, his sole issue on appeal is
overruled.  The judgment of the trial
court is affirmed.

 

PER
CURIAM

 

PANEL F:    MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED: September 29,
2005

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]A void judgment is a
nullity and can be attacked at any time. 
Ex parte Patterson, 969 S.W.2d 16, 19 (Tex. Crim. App.
1998).  Judicial functions performed by
one without any authority to act may be void. 
Davis v. State, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997).  But a judgment is void only in very rare
situationsBusually due to a lack of
jurisdiction.  Nix v. State, 65
S.W.3d 664, 667-68 (Tex. Crim. App. 2001).

 





[3]The State=s pleading says that
J.D.L.Z. committed an offense that is punishable by imprisonment.  The State=s prayer requests that J.D.L.Z. be ordered to pay
a reasonable sum for support if he is committed to TYC.