

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,138 & AP-76,139

### EX PARTE ANTHONY DEWAYNE MARSH, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W86-97782-S W86-97784-S IN THE 282ND DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam. PRICE., J., not participating.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and attempted capital murder and sentenced to 45 years' imprisonment and 30 years' imprisonment, respectively.

In his first ground for relief, Applicant contends that he is entitled to credit for time spent confined in a juvenile detention facility before he was certified as an adult. Specifically, he seeks credit for a period of confinement from March 1, 1986 to May 23, 1986.

The trial judge has entered findings of fact and conclusions of law recommending that relief

be granted. *See Ex parte Gomez,* 15 S.W.3d 103, 104 (Tex. Crim. App. 2000). We agree.

Relief is granted. The Texas Department of Criminal Justice shall credit Applicant's sentences in cause numbers F86-97782 and F86-97784 from the 282nd Judicial District Court of Dallas County with additional time credit for a period of confinement from March 1, 1986 to May 23, 1986.

In his second and third ground for review, Applicant contends that the Texas Department of Criminal Justice erroneously reclassified him as mandatory supervision ineligible and failed to restore good time credits when his mandatory supervision was revoked in 2005. The trial judge has entered findings of fact and conclusions of law recommending that relief be denied. We agree. Therefore, we deny relief on the basis of the trial judge's findings of fact and conclusions of law.

In his fourth ground for review, Applicant contends that he was improperly denied his right to be tried by a jury in his juvenile certification proceeding. The trial judge found that this claim is procedurally barred from review under Section 4 of Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. Art. 11.07, § 4(a)-(c). We agree. Therefore, we dismiss.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 22, 2009
Do not publish