**Affirmed and Memorandum Opinion filed August 13, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00919-CR
_____

**CHASE RAMON CHATMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1472875**

## MEMORANDUM OPINION

Appellant Chase Ramon Chatman challenges the trial court's revocation of his deferred adjudication, contends his sentence was disproportionate to the crime because of his age, and complains that the district court did not give him proper credit for time served. We affirm.

### *Background*

Appellant was charged with aggravated robbery with a deadly weapon,

which occurred when he was sixteen years old. The juvenile court waived its jurisdiction and certified appellant as an adult. In the district court, appellant pleaded guilty to the offense without an agreed recommendation. The district court deferred adjudication of his guilt and placed him on community supervision for ten years.

Approximately eighteen months after the court placed appellant on community supervision, the State filed a motion to adjudicate appellant's guilt, alleging that he had violated numerous conditions of community supervision, including by committing a separate offense of aggravated robbery with a deadly weapon. At the adjudication hearing, appellant pleaded not true to the alleged violations. The district court found that appellant violated multiple terms and conditions of his community supervision, including that appellant committed the second offense of aggravated robbery referenced above. The court adjudicated appellant guilty of the original charged offense, revoked appellant's community supervision, and assessed punishment at 50 years' confinement.

### *Discussion*

In three issues, appellant challenges the district court's revocation of his community supervision, the length of his sentence, and the failure of the district court to credit him for the correct amount of time served.

### I.     Failure to Challenge All Grounds for Revocation

After the adjudication hearing, the district court identified and found "true" multiple violations by appellant of the terms and conditions of the court's order of community supervision. One of the violations that the State alleged and the district court found true was an allegation that appellant had committed another aggravated robbery. Appellant contends that the trial court's finding that appellant committed

the later aggravated robbery is not supported by legally sufficient evidence. Appellant does not challenge the sufficiency of the evidence pertaining to any of the other allegations or findings.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *See Rickels*, 202 S.W.3d at 764. We view the evidence in the light most favorable to the trial court's order. *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony in revocation hearings. *Id.* The trial court abuses its discretion in issuing a revocation order when the State fails to meet its burden of proving by a preponderance of the evidence that appellant violated a condition. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Guerrero*, 554 S.W.3d at 273–74.

Proof of a single violation is sufficient to support revocation of community supervision. *Guerrero*, 554 S.W.3d at 274. To prevail on his issue that the trial court abused its discretion, the appellant thus was required to challenge all of the findings that support the revocation order. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke

3

probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion."); *Guerrero*, 554 S.W.3d at 274. Because appellant failed to challenge all of the findings made by the district court in support of its adjudication of guilt, we need not address appellant's argument in which he challenges the finding that he violated a condition of his community supervision by committing a subsequent aggravated robbery. *See Guerrero*, 554 S.W.3d at 274. We overrule appellant's first issue.

## II.     No Preservation of Error as to Disproportionate Sentence Claim

In his second issue, appellant contends that the district court abused its discretion in sentencing him to 50 years' imprisonment for committing a crime while he was a teenager.[1] The Eighth Amendment prohibits cruel and unusual punishment, which includes "extreme sentences that are grossly disproportionate to the crime." *Battle v. State*, 348 S.W.3d 29, 30 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (quoting *Graham v. Florida*, 560 U.S. 48, 60 (2010)). Although appellant does not expressly challenge his sentence under the Eight Amendment, he cites cases that analyze the amendment as applied to punishment for juvenile defendants. *See Thompson v. Oklahoma*, 487 U.S. 815, 818–19 (1988); *Eddings v. Oklahoma*, 455 U.S. 104, 105 (1982). Accordingly, we construe appellant's argument as a challenge to his sentence under the Eighth Amendment.

Generally, an appellant must preserve error to support a complaint on appeal that a sentence is unconstitutionally excessive or disproportionate. *Battle*, 348 S.W.3d at 30–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Quick v. State*, 557 S.W.3d 775, 788 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd).

---

[1] Appellant asserts that an older codefendant received a lighter sentence. This information is not in the appellate record, and thus we do not consider it.

Appellant did not object to the imposition of his sentence or otherwise raise his appellate complaints in the district court. And appellant does not claim that he received an automatic sentence as opposed to an individualized sentence as a minor, for which error preservation is not required. *See Garza v. State*, 435 S.W.3d 258, 262–63 (Tex. Crim. App. 2014) (regarding automatic imposition of sentence of life without parole for a juvenile); *see also Miller v. Alabama*, 567 U.S. 460, 465 (2012) (same). Accordingly, no error is preserved. *See Quick*, 557 S.W.3d at 788; *Battle*, 348 S.W.3d at 30–31; *see also Hicks v. State*, No. 14-17-00822-CR, 2019 WL 546923, at *2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2019, no pet.) (mem. op., not designated for publication). We overrule appellant's second issue.

## III.    Credit for Time Served

In his third issue, appellant contends that the judgment does not adequately reflect credit for the time he served before his sentence was pronounced. The judgment includes the following language: "DEFENDANT GIVEN CREDIT FOR TIME IN JUVENILE DETENTION AND IN THE YMAC PROGRAM."[2] Appellant complains that the judgment does not include "[a]ll time from the date of Detention until he is released upon bond, and time after he is arrested until he makes bond, and time after arrest until the date of sentencing."[3] The State agrees that "it does appear on the record that Appellant is due some *unclear* amount of credit for his time in juvenile detention." (Emphasis in original.)

---

[2] The district court ordered appellant to be committed to the YMAC program, short for "Young Men About Change Program," as a condition of his community supervision. This program included living in a "facility under custodial supervision . . . until successfully discharged or released by further order of the Court."

[3] Appellant also complains about the notation "N/A DAYS" below the notation in the judgment that reads: "If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below." Appellant was not sentenced to serve time in county jail.

The Code of Criminal Procedure provides the following, in relevant part:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court[.]

Tex. Crim. Proc. Code art. 42.03 § 2(a)(1). Appellant is entitled to credit for any post-arrest pretrial confinement in a juvenile detention center, as well as any time he spent in jail. *See Ex parte Gomez*, 15 S.W.3d 103, 103 (Tex. Crim. App. 2000); *see also Ex parte Green*, 688 S.W.2d 555, 557 (Tex. Crim. App. 1985).

The State asserts that the district court was not required in its judgment to calculate the amount of days for which appellant is entitled to credit because officials at the Department of Criminal Justice are required to do so. However, as the State asserts, the judgment reflects time credited for certain dates between April 2015 and November 2017. To the degree that this time credit is incorrect, "the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order and should do so." *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

In *Ybarra*, the Court of Criminal Appeals discussed the proper vehicle to correct a judgment in which the court "fails to award [pre-sentence jail time] credit at the time sentence is imposed": "The appropriate remedy . . . is to require [the appellant] to present the issue to the trial court by way of a *nunc pro tunc* motion." *Id*. at 148–49. If the trial court fails to respond to the motion, then the appellant can seek relief in the court of appeals by filing a petition for a writ of mandamus. *Id*. at 149. Because a motion for *nunc pro tunc* in the trial court is the proper remedy, we overrule appellant's third issue.

## *Conclusion*

We affirm the judgment of the trial court.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Jewell and Bourliot and Retired Justice Terry Jennings, sitting by assignment.

Do Not Publish — TEX. R. APP. P. 47.2(b).

7