

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00123-CR
_____

EX PARTE GREGORY DEWAYNE NEWSON

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2020-C-099

Before Morriss, C.J., Stevens and van Cleef, JJ.
Opinion by Chief Justice Morriss

# O P I N I O N

In a single issue, Gregory Dewayne Newson appeals the trial court's ruling on his pretrial application for a writ of habeas corpus pursuant to Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 (Supp.). Newson claims that his detention exceeded ninety days without indictment and that he is entitled to release on a personal bond or bail he can afford. At the trial court's habeas hearing, the only evidence was produced from Newson's defense team, establishing his indigency and his resulting inability to post a significant bond. In fact, at that hearing, the State neither put on any evidence nor asserted any exception that would render Article 17.151 inapplicable.[1] Because of the posture of this case as presented to this Court, we must reverse the trial court's order and remand this matter to that court to set a bond that Newson can afford.

*(1)    Background*

On January 1, 2020, Newson was arrested and detained on the charge of capital murder. Bond was set at three million dollars. On September 28, 2020, Newson was indicted for capital murder. On July 12, 2022, Newson, who remained confined in the Gregg County Jail, filed an application for a writ of habeas corpus seeking release on a personal bond or bail in an amount he could afford, pursuant to Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151. An evidentiary hearing ensued.

---

[1]An exception might have been Article I, Section 11, of the Texas Constitution, which could permit a court to deny a low bond "for capital offenses, when the proof is evident." TEX. CONST. art. I, § 11. A person charged with a capital offense when "proof is evident" is not entitled to the benefit of Article 17.151, Section 1(1). *See Ex parte Jackson*, 807 S.W.2d 384, 386 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (rejecting Jackson's reliance on Article 17.151 because terms of Article I, Section 11, of Constitution were satisfied). But such an exception was not claimed or proven by the State.

The sole witness at the hearing was Portia Patterson, Newson's common-law wife. Patterson testified that she and Newson had been together since 2003 and that she was familiar with Newson's financial situation. Before he was arrested, Newson was employed as a truck driver. According to Patterson, Newson did not own any property, did not have any money in bank accounts, and did not own a vehicle. At one point, Newson had approximately five thousand dollars in his possession, but that money was confiscated by law enforcement. Patterson summarized by stating that Newson was indigent. Patterson further testified, though, that Newson's family and friends could collect five or six hundred dollars to help post bond for Newson. That testimony was undisputed. Following the hearing, the trial court entered an order reducing Newson's bond from three million dollars to two million dollars.

*(2)    Applicable Law and Analysis*

A "decision of a trial judge at a habeas proceeding regarding the imposition or reduction of bail 'will not be disturbed by this Court in the absence of an abuse of discretion.'" *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013) (quoting *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981) (orig. proceeding)). A trial court abuses its discretion when it applies "an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997).

Article 17.151 of the Texas Code of Criminal Procedure provides,

A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail

3

required, if the state is not ready for trial of the criminal action for which he is being detained within:

> (1) 90 days from the commencement of his detention if he is accused of a felony.

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). "This Article preserves the presumption of innocence by ensuring that 'an accused as yet untried and unreleased on bond will not suffer "the incidental punitive effect" of incarceration during any further delay attendant to prosecutorial exigency.'" *Ex parte Smith*, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.) (quoting *Jones v. State*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991) (quoting *Ex parte Green*, 688 S.W.2d 555, 557 (Tex. Crim. App. 1985) (orig. proceeding))).

"Under Article 17.151, the State has the initial burden to make a prima facie showing that it was ready for trial within the applicable time period." *Id.* (quoting *Ex parte Ragston*, 422 S.W.3d 904, 906–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). "The question of the State's 'readiness' within the statutory limits refers to the preparedness of the prosecution for trial." *Id.* (quoting *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.)). "The State may show readiness 'either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time.'" *Id.* (quoting *Ex parte Ragston*, 422 S.W.3d at 907). "Without an indictment, the State cannot be ready for trial under Article 17.151." *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021).

At the hearing, it was undisputed that Newson was arrested for capital murder on January 1, 2020, and had remained incarcerated since the time of his arrest. It was also

undisputed that Newson was not indicted until September 28, 2020, over nine months from the commencement of his detention—thus invoking the protections of Article 17.151. Given those facts, the State did not attempt to claim that it had been ready for trial within the statutory time frame. "Under [these] circumstances, the judge has only two options: either release [Newson] on personal bond or reduce the required bail amount." *Ex parte Lanclos*, 624 S.W.3d at 927 (citing *Ex parte Gill*, 413 S.W.3d 429).

Even so, we cannot conclude that the trial court erred in failing to release Newson on a personal bond. In 2020, the Governor issued an executive order stating, in part, "Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." *See* The Governor of the State of Tex., Exec. Order No. GA-13, 45 Tex. Reg. 2368, 2369 (2020). Because the Texas Court of Criminal Appeals has held that this "executive order suspends Article 17.151 only to the extent that it calls for releasing defendants on personal bond" and "does not suspend Article 17.151's release of defendants on bonds they can afford," *Ex parte Lanclos*, 624 S.W.3d at 927, we must determine whether the trial court erred in failing to set bond in an amount Newson could afford.

"If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make." *Id.* (citing *Rowe v. State*, 853 S.W.2d 581, 582 n.1 (Tex. Crim. App. 1993); *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983) (Article 17.151's "requirement that the detainee 'be released . . . by reducing the amount of bail means that bail must be reduced to an amount the detainee can afford to pay.'") (quoting Tex.

Att'y Gen. No. H–1130 (1978))). In *Lanclos*, the record showed that Lanclos was detained for more than ninety days without having been indicted. He was held on a bond of $2,250,000, reduced by the habeas court to $1,500,000. *Id.* at 926. The court of appeals held that that reduction did not amount to an abuse of discretion because Lanclos failed to present evidence "about his financial resources other than his wife's affidavit saying they could not afford bonds of $2,250,000 and that bail bond companies she had spoken to would not post bonds in that amount." *Id.*

The Court of Criminal Appeals disagreed, stating that the appellate court "erred in failing to require Appellant's release on bond that he could afford." *Id.* at 927. The court rejected the State's argument that Lanclos failed to meet his burden of showing his inability to make bail in the amount set, observing that it had rejected a similar argument in *Gill*. The court reiterated that, as determined in *Gill*, "the court of appeals . . . erred in considering factors that did not support the denial of release under Article 17.151, such as previous reductions of bail amount by the court and the prior history of felonies by the appellants." *Id.* (citing *Ex parte Gill*, 413 S.W.3d at 431) ("trial court abused its discretion in failing to release defendants on personal bond or bond they could afford").[2] That is because "Article 17.151 does not condition a

---

[2]As stated in *Gill*:

> To the extent the court of appeals' decisions below express the belief that article 17.151 inadequately ensures victim and community safety, the Legislature provided judges with the means to achieve these goals. Article 17.40(a), titled "Conditions Related to Victim or Community Safety," reads in part, "To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community." Nothing in the mandatory language of article 17.151 precludes a judge from imposing a broad range of reasonable (and even creative) conditions of release designed to ensure victim and community safety like no-contact orders, house arrest, electronic

6

defendant's release on his proving how much bond he can afford." *Id.* at 928 (citing *Gill*, 413 S.W.3d at 431). "Rather, it mandates his release—either on personal bond or by reducing the required bail amount—period." *Id.* As in this case, the habeas court came "up with a number lower than [the original bail amount]." *Id.* at 929. "Article 17.151 requires more than coming up with a lower number. It mandates release." *Id.* As a result, the "habeas court abused its discretion in picking a number that frustrated Article 17.151's mandate to release Appellant." *Id.*

In accordance with *Lanclos*, we are compelled to conclude that the trial court failed to act within its discretion by simply picking a number that was lower than the original bail amount. Newson's continued incarceration reflects the fact that he cannot afford bail in the amount of two million dollars.

---

monitoring, or daily reporting. Article 17.40 acknowledges that a judge need not turn a blind eye to potential safety concerns.

*Ex parte Gill*, 413 S.W.3d at 430–31.

*(3)     Conclusion*

Newson was detained in the Gregg County Jail on a felony charge without indictment for more than ninety days.  He was entitled to release under Article 17.151.  We, therefore, reverse the trial court's order denying appellant's Article 17.151 habeas application and remand this cause to the trial court to set a bond in an amount Newson can afford to pay.  The mandate in this case shall issue immediately.  *See Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.—Texarkana 2007, no pet.) (citing TEX. R. APP. P. 2) (recognizing authority of appellate court to suspend rules, including time frame for issuance of mandate, to expedite decision).


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 15, 2022
Date Decided:       December 8, 2022

Publish