**Affirmed as Reformed and Opinion filed February 6, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00584-CR

---

## EX PARTE JOSHUA DEWAYNE RAGSTON

---

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 17187**

---

## OPINION

This is an appeal from the denial of a pretrial writ of habeas corpus. We consider the following three issues: (1) whether the prosecution established that it was ready for trial within the time allotted by the Code of Criminal Procedure; (2) whether the trial court abused its discretion by refusing to set bail on two of appellant's three charged offenses; and (3) whether the trial court set an excessive amount of bail on appellant's third remaining charge. We reform the trial court's order and set bail for all three charges at $250,000. As reformed, we affirm the trial court's order denying habeas relief.

# BACKGROUND

On June 22, 2012, appellant was arrested for the homicide of a liquor store owner in Navasota, Texas. A grand jury returned an indictment on August 16, 2012, charging appellant with capital murder, murder in the first degree, and aggravated robbery. All three offenses are alleged to have arisen out of the same set of facts.

Initially, the trial court ordered that appellant be held without bond on the capital murder charge, and that bond be set at $500,000 for each of the two remaining charges. Appellant filed a motion for bond reduction, claiming that his bail was excessive and punitive. Appellant also filed a separate application for writ of habeas corpus, claiming that his status as a juvenile precluded the State from prosecuting him. Appellant's habeas petition relied specifically on *Miller v. Alabama*, a recent decision in which the United States Supreme Court held that juveniles could not be sentenced to a mandatory punishment of life without parole. 132 S. Ct. 2455, 2469 (2012). Appellant contended that Texas's capital sentencing statute ran afoul of *Miller* as applied to him because, if convicted, he similarly faced an automatic sentence of life without parole. Appellant accordingly argued that he could not be tried, and that he should therefore be released.

The trial court denied appellant's habeas petition but granted partial relief on the bond motion. The court reduced appellant's bail to $250,000 on the charge of aggravated robbery. As for the charges of capital murder and murder in the first degree, the court ordered that appellant be held without bond.

Appellant challenged all aspects of the trial court's judgment in a previous appeal before a different panel of this court. In that previous appeal, we construed appellant's habeas complaint as an "as-applied" challenge to the constitutionality of the capital sentencing statute. *See Ex parte Ragston*, 402 S.W.3d 472, 475–76

(Tex. App.—Houston [14th Dist.] 2013), *aff'd*, No. PD-0824-13, 2014 WL 440964, — S.W.3d —, slip op. at 5 (Tex. Crim. App. Feb. 5, 2014). Because "as-applied" challenges are not cognizable for purposes of pretrial habeas, we affirmed the trial court's order denying habeas relief. *Id.* at 477. Appellant's remaining complaints challenged the trial court's ruling on his separate motion for bond reduction. We dismissed these complaints on jurisdictional grounds, concluding that "no interlocutory appeal lies from the trial court's order on a pretrial motion for bond reduction." *Id.* at 478.

During the pendency of this previous appeal, appellant filed a second application for writ of habeas corpus. In the application, appellant reasserted the same arguments that had previously been raised in his separate motion for bond reduction—i.e., that his bail was excessive and punitive. Appellant also asserted a modified argument with regards to his juvenile status. Claiming again that he could not be sentenced if convicted of capital murder, appellant argued that there was no possible way for the State to announce ready for trial within ninety days of the commencement of his detention. Appellant accordingly contended that, under article 17.151 of the Code of Criminal Procedure, he was entitled to release on his own recognizance.

The trial court conducted a hearing on June 10, 2013, exactly one day before our opinion issued in appellant's first appeal. After considering all of the evidence presented at the hearing, the court denied the application, found that the State had been ready for trial, and left its previous bond order intact. Appellant brings this, his second appeal, challenging the trial court's most recent ruling on his application for writ of habeas corpus.

# READINESS FOR TRIAL

In his first issue, appellant argues that the trial court erred by failing to grant him a personal recognizance bond on the capital murder charge. Appellant bases his complaint on Article 17.151, which provides as follows:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony.

Tex. Code Crim. Proc. art. 17.151, § 1(1).

Under Article 17.151, the State has the initial burden to make a prima facie showing that it was ready for trial within the applicable time period. *See Ex parte Jones*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). "The State may accomplish this either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time." *Id.* The State satisfied this burden at the hearing on June 10, 2013, when the prosecutor represented as follows: "For the record, the State is ready for trial; has been ready since the date of indictment, which was done within 90 days from the date of Mr. Ragston's incarceration on these charges. We have continued to be ready subject to a trial setting."

Appellant contends that the State's announcement was ineffective because there was no constitutional punishment scheme for capital murder at the time of the trial court's decision. Although we recognize that the scope of punishment should be known before trial in order to voir dire prospective jurors, appellant has not cited any authority demonstrating that an uncertainty in sentencing may prevent the State from announcing ready. Traditionally, the concept of "ready" refers to the prosecution's preparedness, not the trial court, its docket, or "whatever problems

4

[that] may have then judicially existed." *See Santibanez v. State*, 717 S.W.2d 326, 329 (Tex. Crim. App. 1986); *see also Barfield v. State*, 586 S.W.2d 538, 541 (Tex. Crim. App. [Panel Op.] 1979).

In what appears to have been a good faith effort to proceed to trial, the prosecutor urged the trial court to sever those portions from the capital sentencing statute that were rendered invalid by the Supreme Court's decision in *Miller*. The prosecutor invoked the Code Construction Act, which provides that "if any provision of the statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute that can be given effect without the invalid provision or application." *See* Tex. Gov't Code § 311.032(c). Thus, in the absence of a legislative fix, the prosecutor argued that the trial court could sever the "without parole" language from the sentencing statute, and instruct the jury that appellant, if convicted of the capital murder charge, faced an automatic sentence of life imprisonment. We agree that this would have been an acceptable approach as applied, especially considering the legislative developments that shortly followed the trial court's decision to deny habeas relief.

In July of 2013, the legislature responded to *Miller* by passing a bill that amended the capital sentencing statute. *See* Act approved July 22, 2013, 83d Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Gen. Laws 5020, 5020–21. As amended, the sentencing statute now provides that a person convicted of a capital felony shall be sentenced to a term of life imprisonment with the possibility of parole if the person was younger than eighteen years of age at the time of the offense. *See* Tex. Penal Code § 12.31(a)(1). Appellant did not contend at oral argument that the statute, as currently written, would operate unconstitutionally if he were to proceed to trial today and be convicted of capital murder. The record reveals nothing that would

5

prevent this case from being tried expeditiously, and we anticipate that the trial court will do so. Based on the foregoing, we conclude that the State was ready for trial and that the trial court correctly denied appellant's request for release on his own recognizance.

## BAIL

We now consider appellant's final two complaints, which focus on the denial and excessiveness of bail. We have jurisdiction to address these complaints because they are presented to us by way of habeas corpus. *See Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus."); *see also Ragston*, 402 S.W.2d at 477–79 (concluding that reviewing court lacks jurisdiction to consider these issues when raised in a separate motion for bond reduction).

Appellant contends that the trial court erred by denying bond on his charges for capital murder and murder in the first degree. The State agrees with appellant that bail should have been set on both charges. *See Beck v. State*, 648 S.W.2d 7, 9 (Tex. Crim. App. 1983) (concluding that a juvenile charged with a capital felony is "per se bailable"). The State has requested that we reform the trial court's order and set bail for all three charges at $250,000. Appellant opposed this amount at oral argument, contending that it would still be excessive. Based on the record as a whole, we conclude that the amount is not excessive.

The amount of bail in any case must adhere to these rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

Courts may also consider the following set of factors when assessing whether the amount of bail is reasonable: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *See Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Castellanos*, Nos. 14-13-00538-CR, 14-13-00539-CR, & 14-13-00540-CR, — S.W.3d —, 2014 WL 258559, at *2 (Tex. App.—Houston [14th Dist.] Jan. 23, 2014, no pet. h.).

Appellant contends that $250,000 is excessive because he is indigent and unable to post any bond. While the ability to make bail is to be regarded, a defendant's financial situation is not a determinative factor. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980). The nature and circumstances of the alleged offense must also be considered. *See* Tex. Code Crim. Proc. art. 17.15. The record reflects that appellant robbed the liquor store with a co-defendant, and together, they allegedly killed the complainant in a violent and callous manner. Appellant and his co-defendant allegedly targeted the liquor store on a day when the complainant was known to have extra cash on hand. They allegedly shot the complainant multiple times with a shotgun at point blank

7

range, then made off with several thousand dollars. The incident occurred in July of 2009, and they remained on the run for several years.

The violent nature of the offense demonstrates a potential risk to the community if appellant were released on bond. Indeed, at the time of his arrest, appellant was already facing robbery charges in another county. Based on all of these factors, we conclude that a bail of $250,000 is not excessive. *Cf. Ex parte Guerra*, 383 S.W.3d 229, 234 (Tex. App.—San Antonio 2012, no pet.) (bail of $950,000 was not excessive for indigent defendant charged with capital murder, aggravated robbery, and unauthorized use of a vehicle). Accordingly, we reform the trial court's order and fix appellant's bail at $250,000 for all three charged offenses. *See Ludwig v. State*, 812 S.W.2d 323, 324–25 (Tex. Crim. App. 1991) (per curiam) (reviewing court may reduce an excessive amount of bail without remanding to the trial court); *Ex parte Ivey*, 594 S.W.2d 98, 100 (Tex. Crim. App. [Panel Op.] 1980) (same).

## CONCLUSION

The trial court did not err by denying habeas relief on the asserted basis that the State was not ready for trial. The trial court did err, however, by holding appellant without bond on his charges of capital murder and murder in the first degree. We reform the trial court's order and fix bail at $250,000 for all three of appellant's charged offenses. As reformed, we affirm the trial court's order denying habeas relief.


/s/     Tracy Christopher
        Justice

Panel consists of Justices Boyce, Christopher, and Brown.
Publish — Tex. R. App. P. 47.2(b).

8