# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00717-CR
NO. 03-13-00718-CR

**Danny Rosas Vasquez, Appellant**

**v.**

**State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NOS. D-1-DC-13-100079 & D-1-DC-13-100078
HONORABLE JIM CORONADO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Danny Rosas Vasquez was arrested and charged with the assault and aggravated-sexual assault of his girlfriend Hortencia Morales.[1] *See* Tex. Penal Code §§ 22.01, .021.  After the amount of bail was set for each charge, Vasquez filed applications for writs of habeas corpus seeking to be released from confinement or to have the amount of bail for each charge reduced. Shortly after receiving the applications, the district court referred the matter to a magistrate, and the magistrate convened a hearing.  At the conclusion of the hearing, the magistrate recommended denying Vasquez's request to be released on personal bond but also recommended reducing the amount of bail set for the aggravated-sexual-assault charge and for the assault charge from $150,000 to $100,000 and from $75,000 to $25,000, respectively.  Upon receiving the magistrate's

---

[1] Hortencia Morales is the pseudonym that the State used to refer to Vasquez's girlfriend.

recommendations, the district court adopted them. Once the district court made its determination, Vasquez filed this appeal. *See* Tex. R. App. P. 31.[2] We will affirm the district court's order denying Vasquez's application for writ of habeas corpus.

## DISCUSSION

On appeal, Vasquez contends that the district court "abused its discretion in failing to lower [his] bail sufficiently high to ensure [his] appearance, but not so high as to be an instrument of oppression." Accordingly, Vasquez asks this Court to reduce the bail set for the aggravated-sexual-assault charge to $25,000 and for the assault charge to $10,000.

---

[2] Recently, the court of criminal appeals issued an opinion in which it determined that appellate courts do not have jurisdiction over pretrial motions for bond reduction. *See Ragston v. State*, 424 S.W.3d 49, 50, 52 (Tex. Crim. App. 2014). That case involved an interlocutory appeal from an order setting bail. *Id.* at 52. When interpreting the holding in *Ragston*, various courts of appeals have concluded that although appellate courts do not have jurisdiction over interlocutory appeals of motions for bond reductions, they do have jurisdiction over denials of applications for writs of habeas corpus asserting that the amount of bail set was excessive. *See Ex parte Piceno*, No. 02-13-00421-CR, 2014 Tex. App. LEXIS 6428, at *1 n.2 (Tex. App.—Fort Worth June 12, 2014, no pet. h.) (mem. op., not designated for publication) (determining that court had jurisdiction over challenge to amount of bail set because it was "an appeal from an order denying habeas relief and not an interlocutory appeal from an order setting bail"); *In re Herrera,* No. 05-14-00394-CV, 2014 Tex. App. LEXIS 4053, at *2-3 (Tex. App.—Dallas Apr. 14, 2014, no pet.) (mem. op.) (explaining that although courts of appeals do not have jurisdiction "to hear interlocutory appeals regarding bail," bail determinations may be challenged by writ of habeas corpus in trial court and that "relief on a pre-trial writ of habeas corpus may be appealed immediately"); *Cloninger v. State*, No. 05-13-01663-CR, 2014 Tex. App. LEXIS 3806, at *1 n.1 (Tex. App.—Dallas Apr. 8, 2014, pet. dism'd) (mem. op., not designated for publication) (concluding that court had jurisdiction over bail challenge because it was appeal "from the trial court's final order denying habeas corpus relief rather than an interlocutory appeal denying a motion to reduce bail"); *see also Ex parte Ragston*, 422 S.W.3d 904, 906, 907-08 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting that although it had initially determined that it did not have jurisdiction over Ragston's appeal of his pretrial motion for bond reduction and that this determination was affirmed by court of criminal appeals, court did have jurisdiction over those same challenges when made in application for writ of habeas corpus). We agree with the reasoning of our sister courts and conclude that we have jurisdiction over Vasquez's appeal challenging the denial of his application for writ of habeas corpus.

The Code of Criminal Procedure lists the following factors for trial courts to consider when setting bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15. Similarly, courts have also identified factors that may be considered when setting bail, including "the existence of outstanding bonds, if any," "aggravating circumstances alleged to have been involved in the charged offense," and the defendant's work record, family and community ties, length of residency, prior criminal record, and "conformity with the conditions of any previous bond." *Brown v. State*, 11 S.W.3d 501, 503 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

When reviewing a trial court's determination regarding the amount of bail set, appellate courts apply an abuse-of-discretion standard. *Maldonado v. State*, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *see also* Tex. Code Crim. Proc. art. 17.15 (stating that trial courts have discretion when setting bail). Under this standard, a trial court's decision will only be reversed if the court acted without reference to any guiding rules or principles

3

or if the decision is unreasonable or arbitrary. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). Stated differently, the trial court's decision will not be overruled if it lies within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.). Moreover, in a habeas proceeding, the applicant bears the burden of proving that the amount of bail is excessive. *Ex parte Beard*, 92 S.W.3d 566, 568 (Tex. App.—Austin 2002, pet. ref'd).

In challenging the district court's order, Vasquez contends that the factors identified above do not support the amount of bail set and argues, instead, that the amount of bail required, even after the reductions, was oppressively high and was set with the intent of forcing him to remain incarcerated before trial.[3] As support for his contentions, Vasquez points to the testimony from his mother, Margarita Vasquez, who was the only person to testify during the hearing. In her testimony, Margarita stated that her son has lived in Travis County for 21 years, has lived with her the whole time, does not own any property that could be sold to raise money for bail, would appear in court if ordered to, would continue to live with her if he were released on bail, and would not be a danger to the community or to Morales if he were released. Moreover, Margarita related that she would

---

[3] As support for this proposition, Vasquez refers to opinions by this Court and another appellate court in which the amount of bail was reduced in light of the factors outlined above. *See Ex parte Cooper*, No. 03-03-00085-CR, 2003 Tex. App. LEXIS 7440, at *7-8 (Tex. App.—Austin Aug. 29, 2003, no pet.) (mem. op., not designated for publication) (reducing bail from $150,000 to $75,000); *Ex parte Sabur-Smith*, 73 S.W.3d 436, 441 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam) (lowering bail from $150,000 to $30,000). However, case law can provide little guidance for evaluating the amount of bail set in a particular case because bail determinations are so fact specific, *Ex parte Beard*, 92 S.W.3d 566, 571 (Tex. App.—Austin 2002, pet. ref'd), and because "[t]here is no precise standard for reviewing bond settings on appeal," *Ex parte Sabur-Smith*, 73 S.W.3d at 439. In any event, we find those cases to be distinguishable.

4

do all that she could to ensure that Vasquez complied with any conditions of release, including allowing the State to install equipment to monitor him. Furthermore, she explained that although she would be willing to help pay his bail, she could not cover the amounts as originally set and did not own property that could be used to help pay the bail; however, she did admit that she might be able to cover a bond if the total amount of the bail was reduced to $35,000. In addition to relying on the testimony of his mother, Vasquez also points to a statement from the prosecutor at the hearing in which she stated that probation was not "out of the realm of possibility" given his prior criminal history.

When ascertaining Vasquez's bail, the magistrate was aided by the testimony from Margarita but also by the seriousness of the alleged offenses as set out in the Penal Code as well as Morales's description of the crimes, which was contained in the affidavits for the arrest warrants issued for Vasquez. *See Ex parte Sabur-Smith*, 73 S.W.3d 436, 439 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (explaining that although legislature and courts have established factors to be considered when setting bail, "[t]he primary factors to be considered in determining what constitutes reasonable bail are the punishment that can be imposed and the nature of the offense"); *see also Ex parte Beard*, 92 S.W.3d at 568 (stating that "[t]he defendant's ability to make bail also must be considered, but is not of itself controlling"). In this case, Vasquez was charged with aggravated-sexual assault and with assault. *See* Tex. Penal Code §§ 22.01, .021. Aggravated-sexual assault is a first-degree felony, *id.* § 22.021(e), which has a permissible punishment range of 5 years to life imprisonment, *id.* § 12.32, and assault, as charged in this case, is a third-degree felony, *id.* § 22.01(b)(2)(B) (explaining that person commits third-degree offense if he assaults person with whom he has relationship governed

by Family Code and if "offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth"), which has a punishment range of 2 to 10 years, *id.* § 12.34. Both crimes also carry the possibility of the imposition of a fine of up to $10,000. *Id.* §§ 12.32, .34.

Regarding the particular allegations against Vasquez, the affidavits related that Morales told the police the following:

- The assault occurred in the home that she and Vasquez were living in.

- Vasquez "placed two hands across" her throat and "squeezed her throat to the point that [she] could not breath."

- Vasquez threatened her by saying that if she did not have sex with him, she would never "see her parents again."

- Although she pleaded for him to stop, Vasquez pulled off her clothes and sexually assaulted her.

- After the assault, Vasquez dragged her down a rocky hill and then ran at her and slammed into her with his body, causing her to "fall into a flower bed."

- When she tried to escape, Vasquez "punched her on the head."

- Vasquez had assaulted her on previous occasions, including additional strangulation attempts.

- Vasquez sexually assaulted her a month before the police were called to their home, and when she tried to flee that assault, Vasquez caught up with her and punched her on her face and head.

- She did not report the prior incidents because she was scared that Vasquez would retaliate.

6

In addition, the State informed the magistrate that Vasquez had previously been arrested for theft and for driving while intoxicated and that those crimes were pending at the time of the hearing.

At the conclusion of the hearing, the magistrate determined that the amount of bail should be reduced to $25,000 for the assault charge and to $100,000 for the aggravated-sexual-assault charge. When discussing the reasoning behind the reductions, the magistrate explained that he thought that setting "two high bonds" was inappropriate due to the fact that the charged offenses resulted from one extended incident. For that reason, he significantly reduced the bail set for the assault charge. However, the magistrate also explained that he did not believe that it was appropriate to similarly reduce the bail for the charge of aggravated-sexual assault because more than one sexual assault had been alleged. Moreover, the magistrate surmised that he did not feel that monitoring would be an appropriate means of protecting the public and the victim in this case given the seriousness of the allegations and the types of crimes involved.

In light of the record before this Court, including the magistrate's decision to reduce the amount of bail originally set for each charge, we cannot conclude that the district court abused its discretion by adopting the bail recommendations proposed by the magistrate. Accordingly, we overrule Vasquez's sole issue on appeal.

**CONCLUSION**

Having overruled Vasquez's sole issue on appeal, we affirm the district court's order.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   July 25, 2014

Do Not Publish