**Affirmed and Memorandum Opinion filed September 20, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00533-CR

## EX PARTE QUENSHAW NEWSOME

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1510946**

## M E M O R A N D U M   O P I N I O N

Appellant Quenshaw Newsome filed an application for writ of habeas corpus regarding bail, alleging he was entitled to release on a personal bond or a reduction in bail under article 17.151 of the Code of Criminal Procedure. The trial court granted the application and reduced bail from $75,000 to $50,000. Appellant appeals that order, contending the trial court abused its discretion in not releasing him on a personal bond or further reducing bail to an amount he could afford. We affirm.

### BACKGROUND

According to appellant's application, he was arrested and has been detained continuously for murder and aggravated assault since May 5, 2015. Bail was set at

$75,000 for the murder case and $30,000 for the aggravated assault case.

On May 20, 2016, appellant applied for a writ of habeas corpus regarding bail in the murder case under article 17.151 of the Code of Criminal Procedure.[1] That section provides that if a defendant accused of a felony has been detained longer than 90 days and the State is not ready for trial, he must be released on a personal bond or by reducing the amount of bail required. Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1). Appellant alleged in his application that the State was not ready for the murder trial within 90 days of his detention. To support that allegation, he asserted that the State filed a motion for continuance on the most recent trial date for the murder case, which was May 9, 2016, reportedly because it lacked a medical examiner witness to testify at trial.

In an affidavit attached to his application, appellant stated he was indigent and without funds of his own. He believed his friends and family could arrange to post a bond for the $30,000 bail in the aggravated assault case. By contrast, he said, they could not afford to post any bond on the $75,000 bail set in the murder case, and the only bond he was "personally able to afford is a personal recognizance bond."

The record does not include a response by the State to the habeas application.

According to the trial court's docket sheet, contained in the clerk's record, the court heard argument on the habeas application on June 20, 2016. The docket sheet entry includes this sentence:

> DEFENSE REQUEST THAT COURT RECORD THE FACT THAT
> 2 STATE MOTIONS FOR CONTINUANCE HAVE BEEN FILED
> AND GRANTED IN [THE MURDER] CAUSE.

---

[1] Appellant does not challenge bail in the aggravated assault case.

Appellant and the State agree there is no reporter's record of that hearing.

The trial court granted appellant's application and set bail at $50,000 in the murder case.

**ANALYSIS**

We review a trial court's decision on an application for writ of habeas corpus based on article 17.151 of the Code of Criminal Procedure for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 431 (Tex. Crim. App. 2013).

Article 17.151 provides in relevant part:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony.

Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1).

Under Article 17.151, the State bears the initial burden to make a prima facie showing that it was ready for trial within the applicable time period. *See Ex parte Jones*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991); *Ex parte Ragston*, 422 S.W.3d 904, 906–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State may satisfy this burden either by announcing within the allotted time that it is ready, or by announcing after the fact that it had been ready within the allotted time. *See Jones*, 803 S.W.2d at 717; *Ragston*, 422 S.W.3d at 907. Traditionally, the concept of "ready" refers to the prosecution's preparedness, not whether trial could have actually begun at that time. *Ragston*, 422 S.W.3d at 907; *see Santibanez v. State*, 717 S.W.2d 326, 329 (Tex. Crim. App. 1986); *see also Barfield v. State*, 586 S.W.2d 538, 541 (Tex. Crim. App. [Panel Op.] 1979).

Although the State bore the burden in the trial court to establish it was ready

3

for trial within 90 days, appellant has the burden on appeal to provide a record establishing he is entitled to relief. *Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (2005) ("It is the applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence."); *Washington v. State*, 326 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Chandler*).[2] In the absence of a reporter's record, a court reviewing the denial of a habeas application will presume there was evidence to support the trial court's judgment. *Ex parte McKeand*, 454 S.W.3d 52, 54 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Because there is no reporter's record, we presume the State satisfied its burden to make a prima facie showing that it was ready for trial within 90 days of appellant's detention, either by announcing its readiness within the 90-day period or by announcing later that it had been ready within that period. *See id.*; *Ragston*, 422 S.W.3d at 907.

No material from either of the two underlying cases is included in the habeas record on appeal. As a result, we do not have the alleged motion for continuance the State filed in the murder case and do not know its basis. Assuming the State did seek a continuance, however, that request does not establish that the State was not ready for trial within 90 days. The medical examiner witness for whose testimony the continuance allegedly was needed may have been available earlier in the case, or the State may have elected to proceed without that testimony. "[A]ll a prosecutor has to do to prevent release of an accused who has been unable to make bail is to announce ready in a timely fashion, even if trial is thereafter delayed for other reasons." *Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991).

Because we presume the State was ready for trial within 90 days of

---

[2] Though styled *Washington v. State*, rather than *Ex parte Washington*, the case arises from the denial of a pretrial application for writ of habeas corpus. 326 S.W.3d at 701.

appellant's detention, appellant was not entitled to relief under article 17.151. Accordingly, we do not consider whether the trial court abused its discretion in not further reducing bail to below $50,000. We overrule appellant's sole issue.

## CONCLUSION

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).