

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00127-CR

_____

EX PARTE TERRY LYNN HEATH

On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. 40031

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On August 31, 2017, Terry Lynn Heath was arrested for aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. On these charges, his bail was set at $500,000.00 and $45,000.00, respectively.[1] The trial court found that Heath was indigent and appointed counsel for him. On December 14, 2017 (past ninety days since the date of his arrest), Heath filed an application for a writ of habeas corpus, wherein he alleged that under the circumstances set out in Article 17.151 of the Texas Code of Criminal Procedure, he was entitled to be released on a personal bond, or, in the alternative, was entitled to a reasonable bond that he could satisfy for release. The trial court denied Heath's application at a June 22, 2018, hearing.

On appeal, Heath argues that the trial court erred in denying his application for a writ of habeas corpus. We agree because (1) the State related that it was not ready for trial within ninety days of Heath's detention and (2) Heath is entitled to have either a personal bond or bail set at an amount low enough that he is able to make bond and, thus, secure his release from incarceration until trial.

## I. Standard of Review and Applicable Law

Article 17.151 of the Texas Code of Criminal Procedure prescribes,

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: . . . 90 days from the commencement of his detention if he is accused of a felony.

---

[1]Indictments were formally filed on these charges in September and October 2017.

2

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015). "This Article preserves the presumption of innocence by ensuring that 'an accused as yet untried and unreleased on bond will not suffer "the incidental punitive effect" of incarceration during any further delay attendant to prosecutorial exigency.'" *Ex parte Smith*, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.) (quoting *Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991) (quoting *Ex parte Green*, 688 S.W.2d 555, 557 (Tex. Crim. App. 1985)).

"A 'decision of a trial judge at a habeas proceeding regarding the imposition or reduction of bail "will not be disturbed by this Court in the absence of an abuse of discretion."'" *Id.* at 64 (quoting *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013) (quoting *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981)). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Id.* at 64–65 (quoting *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

## II.     The State Was Not Ready for Trial Within Ninety Days

"Under Article 17.151, the State has the initial burden to make a prima facie showing that it was ready for trial within the applicable time period." *Smith*, 486 S.W.3d at 65 (quoting *Ex parte Ragston*, 422 S.W.3d 904, 906–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). "The question of the State's 'readiness, within the statutory limits refers to the preparedness of the

3

prosecution for trial." *Id.* (quoting *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.)). "The State may show readiness 'either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time.'" *Id.* (quoting *Ragston*, 422 S.W.3d at 907).

Here, Heath was detained on the charges on August 31, 2017. The reporter's record from the June 22, 2018, habeas corpus hearing shows that although Heath's case had appeared on docket calls, neither of Heath's cases had yet been docketed for trial. At the hearing, the State informed the trial court that although it had received test results pertinent to the cases in April, it was still completing discovery. Despite this admission, the State said that each time the cases appeared on the docket call, the State had announced "ready" and that no motion for speedy trial had been filed by Heath. However, the State introduced no evidence of its announcements that it was ready at those times and failed to indicate when those docket calls had taken place. Our appellate record fails to demonstrate when the State made any announcement that it was ready for trial at any time and in statements before the trial court, the statements by the representative of the State that some discovery had not been completed seemed to contradict that representation. In any event, the first docket call in both cases was not even scheduled until ninety days had already expired from the first date of Heath's detention.[2]

---

[2]In its brief, the State writes, "January 4, 2018—Both cases were scheduled for criminal docket call. . . . Docket calls since that time were held on March 26, 2018 and July 2, 2018." Each of these dates was more than ninety days past the date of Heath's arrest. We caution counsel to be mindful of an attorney's duty of candor to the court under the Texas Disciplinary Rules of Professional Conduct. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013).

Because the State was not ready for trial within ninety days from the commencement of Heath's detention, Heath was "entitled to have bond set at either a personal bond or at an amount he [could] make." *Id.* at 70 (quoting *Ex parte Carson*, 215 S.W.3d 921, 923 (Tex. App.—Texarkana 2007, no pet.) (noting that "the bail must be reduced to an amount defendant can pay and thereby secure his release. . . . A token reduction of one dollar will not comply with this section's requirement that defendant 'be released . . . by reducing the amount of bail required.'") (quoting Tex. Att'y Gen. Op. No. H–1130 (1978)).

**III.    Heath Is Entitled to Either a Personal Bond or Bail that He Can Make**

Article 17.15, which establishes the rules for setting the amount of bail, states,

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2.    The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3.    The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4.    The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5.    The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015).  However, "under the plain language of Article 17.151, a trial court must release a defendant from custody on personal bond or by reducing

5

the amount of bail where he has been continuously incarcerated for more than ninety days and the State is not ready for trial." *Smith*, 486 S.W.3d at 63 (citing *Gill*, 413 S.W.3d at 427–28). Thus, *Gill* concluded

> that two of the factors used in setting the amount of bail found in Article 17.15— "[t]he nature of the offense and the circumstances under which it was committed" and "[t]he future safety of a victim of the alleged offense and the community"—do not apply to an Article 17.151 application for release.

*Id.* (quoting *Gill*, 413 S.W.3d at 428, 432). Additionally, in *Gill*, the Texas Court of Criminal Appeals wrote,

> We are troubled that a judge may order the indefinite detention of an uncharged accused on an offense the State is not ready to bring to trial on the basis of his criminal history, the nature of the alleged offense, or that he might present a danger to the victim or the community. It apparently troubled the Legislature as well. Article 17.151 was the remedy.

*Ex parte Gill*, 413 S.W.3d 425, 432 (Tex. Crim. App. 2013). Thus, *Gill* "also held that the trial court cannot consider a defendant's criminal history under Article 17.151." *Smith*, 486 S.W.3d at 63 n.2 (citing *Gill*, 413 S.W.3d at 432).

Here, both the appellate record and Heath's testimony at the hearing established that he was indigent and did not have the resources to post the bonds set by the trial court.[3] In response to Heath's plea for either a personal bond or a reduction in the bond amount, the State presented

---

[3]Heath testified that he had worked for Salsbury Industries as a rigger prior to his arrest. However, no evidence was taken with respect to his salary and expenses, and nothing established that Heath, who the trial court determined was indigent, had any resources to post bond in the amount set by the court.

6

evidence of the nature of the offenses and the circumstances under which they were committed, the future safety of the community, and Heath's criminal history.

Specifically, Ashton Lewis, a sergeant with the Mount Pleasant Police Department, testified that he had been dispatched to the scene of a block party and that during the festivities of the block party, a woman was killed by the discharge of a firearm. According to Lewis, witnesses reported that Heath had brandished a firearm after getting into an argument with Courtney McGill and that the deceased was accidentally shot by McGill as he attempted to shoot Heath. Lewis testified that both of Heath's current charges arose from this incident. Next, the State demonstrated that, at a minimum, Heath had previously been convicted twice for forgery, twice for burglary of a building, and once for possession of a controlled substance, in addition to several misdemeanor offenses.[4] On the record, the State specifically urged the trial court to consider these factors in denying Heath's application.

"The first sentence of article 17.151 unequivocally declares that a defendant detained pending trial 'must be released' if the State is not ready for trial within the appropriate amount of time." *Gill*, 413 S.W.3d at 430 (quoting TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1 (West 2012)). Here, the State presented evidence of factors that could not be (but were) considered under Article 17.15 by the trial court in denying Heath's "application." Therefore, we hold that under the controlling authority of *Gill*, "[i]n failing to comply with article 17.151 and order Appellant['s]

_____

[4]The State questioned Heath about several other arrests and convictions, but did not receive responses from Heath.

7

release on a personal bond or reduce Appellant['s] bail to an amount [he could] make, the judge abused his discretion." *Id.* at 432–33.

## IV. Conclusion

We reverse the trial court's order denying Heath's Article 17.151 petition for habeas corpus relief and remand this cause to the trial court for further proceedings consistent with this opinion. The mandate in this case shall issue immediately. *See Smith*, 486 S.W.3d at 70 (citing TEX. R. APP. P. 2) (recognizing authority of appellate court to suspend rules, including time frame for issuance of mandate, to expedite decision).

Bailey C. Moseley
Justice

Date Submitted:    August 9, 2018
Date Decided:    August 15, 2018

Do Not Publish