**Opinion issued July 13, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00715-CR

———————————

## EX PARTE AMIR ABDULLAH RAHIM-PARTRIDGE

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-CR-0203**

---

## MEMORANDUM OPINION

Amir Abdullah Rahim-Partridge, appellant, appeals the trial court's September 27, 2022 order on his pretrial application for writ of habeas corpus seeking release on personal bond pursuant to Article 17.151 of the Texas Code of Criminal Procedure, or alternatively for reduction of the bond "in an amount sufficiently low enough" to "secure [his] release." Rahim-Partridge's habeas

application asserted that (1) the State was not ready for trial within 90 days of his detention, and (2) he was entitled to be released on a personal bond because he could not afford to post bond in any amount. The trial court's order denied Rahim-Partridge's request for release on a personal bond but granted his application and reduced his bail from $250,000 to $75,000. Because Article 17.151 mandates release, we reverse and remand this matter to the trial court to set a bond that Rahim-Partridge can afford.

**Background**

Rahim-Partridge applied for a writ of habeas corpus, seeking pretrial release because the State was not ready for trial within 90 days of the commencement of his detention as required by Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 17.151, § 1(1). The trial court held a hearing.

At the hearing, the evidence showed that Rahim-Partridge had been incarcerated since January 30, 2022 on two felony charges: aggravated kidnapping with a deadly weapon and aggravated assault with a deadly weapon. TEX. PENAL CODE §§ 20.04(b), 22.02(a). The evidence also showed that Rahim-Partridge has been held in jail continuously for more than 90 days, has previous convictions in North Carolina, is on bond for cases there, and has limited financial means. Based on these facts, Rahim-Partridge argued that because the State was not ready for trial,

he was entitled to release on personal bond. The trial court granted the application but only reduced Rahim-Partridge's bail from $250,000 to $75,000.

## Article 17.151

Rahim-Partridge argues that Article 17.151 mandates release after more than 90 days since his detention began and the State is not ready for trial.

### A.    Standard of Review

An applicant for a writ of habeas corpus bears the burden of proving facts entitling him to relief. *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). On appeal, we review a trial court's decision at a habeas proceeding on the reduction of bail for an abuse of discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *see Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (noting that "pretrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy'") (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles,'" *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *In re Allstate Cnty. Mut. Ins. Co.*,

3

85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding). "In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling." *Ex parte Craft*, 301 S.W.3d 447, 448–49 (Tex. App.—Fort Worth 2009, no pet.). "We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the fact findings are based upon credibility and demeanor." *Ex parte Estrada*, 573 S.W.3d 884, 891 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

**B.     Analysis**

Article 17.151 of the Texas Code of Criminal Procedure provides,

A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony[.]

TEX. CODE CRIM. PROC. art. 17.151, § 1(1). "This Article preserves the presumption of innocence by ensuring that 'an accused as yet untried and unreleased on bond will not suffer 'the incidental punitive effect' of incarceration during any further delay attendant to prosecutorial exigency.'" *Ex parte Smith*, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.) (quoting *Jones v. State*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991).

4

"Under Article 17.151, the State has the initial burden to make a prima facie showing that it was ready for trial within the applicable time period." *Ex parte Ragston*, 422 S.W.3d 904, 906–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's "readiness" refers to the prosecution's preparedness for trial. *Id.* at 907; *see Santibanez v. State*, 717 S.W.2d 326, 329 (Tex. Crim. App. 1986). Readiness may be shown "'either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time.'" *Ex parte Ragston*, 422 S.W.3d at 907 (quoting *Ex parte Jones*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991)). "Without an indictment, the State cannot be ready for trial under Article 17.151." *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021).

It was undisputed that Rahim-Partridge was arrested on January 30, 2022, and remained incarcerated since his arrest. Given those facts, the State did not attempt to claim that it had been ready for trial within the 90-day statutory time frame. "Under [these] circumstances, the judge has only two options: either release [defendant] on personal bond or reduce the required bail amount." *Id.* (citing *Ex parte Gill*, 413 S.W.3d at 429).

But we cannot conclude that the trial court erred by failing to release Rahim-Partridge on a personal bond. In 2020, Governor Greg Abbott issued an executive order stating, "Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended to the extent necessary to prevent any person's automatic release on

5

personal bond because the State is not ready for trial." *See* The Governor of the State of Tex., Exec. Order No. GA-13, 45 Tex. Reg. 2368, 2369 (2020). The Texas Court of Criminal Appeals has held that this "executive order suspends Article 17.151 only to the extent that it calls for releasing defendants on personal bond" and "does not suspend Article 17.151's release of defendants on bonds they can afford," so the trial court was required to reduce Rahim-Partridge's bond amount. *See Ex parte Lanclos*, 624 S.W.3d at 927.[1]

So now we must determine whether the trial court erred in failing to set bond in an amount Rahim-Partridge could afford. *See id.* "If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make." *Id.* (citing *Rowe v. State*, 853 S.W.2d 581, 582 n.1 (Tex. Crim. App. 1993). The record shows that the extent of Rahim-Partridge's assets were 81 cents at the time of the hearing. In its order, the trial court reduced Rahim-Partridge's bond from $250,000 to $75,000. But "Article 17.151 requires more than coming up with a lower number. It mandates release." *Id.* at 929. As a result, the "habeas court abused its discretion in picking a number that frustrated Article 17.151's mandate to release Appellant." *Id.*

---

[1]      Unless Section 2 of Article 17.151 applies. *See* TEX. CODE CRIM. PROC. art. 17.151, § 2. Before the trial court, the State argued that Sections 2(2) and 2(4) applied. Because the trial court granted Rahim-Partridge's application, implicitly rejecting the State's arguments, Rahim-Partridge's appeal only concerns whether a personal bond or lower bond was required. *See* TEX. R. APP. 47.1.

Accordingly, the trial court failed to act within its discretion by simply lowering the bail amount. *See id.* Rahim-Partridge's continued incarceration reflects the fact that he cannot afford the $75,000 bail that the trial court set.

## Conclusion

Rahim-Partridge was detained in jail on felony charges for more than 90 days and the State was not ready for trial within the statutory time frame. Thus, Rahim-Partridge was entitled to release under Article 17.151. We reverse the trial court's order and remand the case to the trial court for Rahim-Partridge's bond to be set in an amount he can afford to pay. No motions for rehearing will be entertained. *Id.*

We order the clerk of this court to issue the mandate immediately. *See* TEX. R. APP. P. 2 (authority to suspend rules, including time frame for issuance of mandate, to expedite decision); TEX. R. APP. P. 18.6 (appellate court may issue mandate with its judgment in accelerated appeal); *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App—Texarkana 2007, no pet.) (issuing mandate immediately in Article 17.151 case).

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).