**Reversed and Remanded, and Memorandum Opinion filed June 27, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-24-00053-CR

_____

### EX PARTE JONATHAN LOPEZ

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1844859**

## M E M O R A N D U M   O P I N I O N

Appellant Jonathan Lopez appeals the denial of his petition for writ of habeas corpus in an order signed January 8, 2024. Appellant was indicted for capital murder. He filed his habeas petition based on Code of Criminal Procedure article 17.151, seeking either release on a personal recognizance bond or reduction of his $300,000 bond to an amount he can afford. *See* Tex. Code. Crim. Proc. Ann. art. 17.151, § 1(1). Appellant contends that the trial court abused its discretion in denying the petition because the State was not ready for trial within ninety days of his felony arrest. *See id.* We reverse and remand.

## Background

Appellant was arrested for capital murder on April 27, 2023. He has been incarcerated continuously since his arrest. A grand jury indicted appellant for capital murder on June 28, 2023, sixty-two days after his arrest. The court set bond at $300,000.

Appellant filed his first petition for writ of habeas corpus under article 17.15, in which he argued that his bond amount was excessive. During a November 2, 2023 hearing on the petition, appellant's counsel presented evidence from appellant's mother to the effect that it was possible for appellant's family to afford a $50,000 bond. During a discussion after the testimony concluded, the following exchange occurred:

> [Appellant's Counsel]: . . . I would ask the Court to inquire of the State whether in good faith right now they can say that they are ready for trial.
>
> [Prosecutor]: I mean, pending the firearms testing, Judge, I don't think that it would be -- I don't think it would be beneficial to this defendant in terms of if the DNA testing, especially if the swabs on the firearm come back to [the co-defendant], then I believe that that would be inculpatory -- or exculpatory evidence that the defense would want. But should it come back to DNA testing and if that testing confirms that the DNA found on the firearm is that of this defendant's, then that would also be inculpatory and something that we would want. So, just in terms of due diligence for both parties, I respectfully would state that the firearms testing is going to be determinant as to what our offer would be on this case and how we would dispose of the case.
>
> THE COURT: How old is the case anyways?
>
> [Prosecutor]: It's six months, Judge, since the date of file.

2

THE COURT: So, just in terms of, like, capital murders and murders, it's not like an older case.

[Appellant's counsel]: I'm not suggesting that, Judge; but I -- and with respect to the State, I would like them to make an answer to are they ready. Can they say in good faith that they are ready for trial right now?

[Prosecutor]: I mean, at this time, no, Judge, because the outstanding evidence I think is both -- could be either exculpatory or inculpatory. And, I mean, for purposes of determining whether or not this is a righteous case and how -- what our offer would be on the case, how we would dispose of the case, whether it would include a lesser included or an offer on the capital, that firearms evidence and then as well as the DNA testing of the firearm I believe is extremely important.

Based on these statements, appellant's counsel sought to advance an argument for habeas relief under article 17.151, in addition to article 17.15. Because appellant's petition was limited to a request for relief under article 17.15, the court confined its ruling to that article and refused to reduce the bond. The court, however, indicated that it would entertain another habeas petition based on article 17.151 if appellant desired to file one.

Appellant filed a second petition for habeas corpus, seeking relief under article 17.151. Appellant argued that, based on the prosecutor's statements at the November 2, 2023 hearing, the State was not ready for trial within ninety days of appellant's arrest. Therefore, appellant was entitled to be released on a personal recognizance bond or otherwise his bond must be reduced from $300,000 to $50,000, the amount appellant's mother testified the family could afford. *See* Tex. Code Crim. Pro. art. 17.151, § 1(1). The trial court held a hearing on the second petition on January 8, 2024. During that hearing, the court admitted into evidence all the exhibits admitted during the November 2, 2023 hearing as well as the

3

reporter's record from that hearing. In response to appellant's argument, the prosecutor offered the following clarification of his statements made during the November 2, 2023 hearing:

> [Prosecutor]: So, just in response to defense's filing of the [petition requesting a] Writ of Habeas Corpus based on 17.151, the State of Texas had asserted that under the circumstances that we're still pending analysis for both firearms and DNA in this case. And for clarification and purposes of the record, when I responded to Counsel's question as to whether or not the State was ready for trial, it is my belief that it wouldn't have been ideal to proceed with that testing or analysis still pending, especially because we don't know the value of the evidence and it would prove difficult to dispose of the case pretrial under those circumstances, but if the Court so chooses to set the case for trial, the State will be ready when the Court would like for the State -- for the trial date to be selected by the Court. The State is ready to proceed under these circumstances at this time.
> . . .
>
> THE COURT: And just to put on the record, it's not that the State isn't ready for trial; it's that the evidence that they've asked to be tested, there is some kind of backlog. It that correct?
>
> [Prosecutor]: That's correct, your Honor. So, I mean, at this time the State believes that it can proceed with the evidence that we have. There is additional testing by the Houston Forensic Science Center. We've asked to be put on the priority list. The State is also exploring alternative avenues of different labs that could potentially have that analysis completed sooner. However, at this time -- I mean, given the facts of the case, the State is ready to proceed to trial whenever the Court sees fit to set it on the trial docket.

The trial court denied appellant's second habeas petition. Appellant timely filed a notice of appeal.

## Analysis

Appellant argues that the trial court abused its discretion in denying his

second habeas petition because the State affirmatively announced that it was not ready for trial on November 2, 2023, which was 188 days after appellant's arrest.

We review a trial court's decision on a habeas proceeding under article 17.151 for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). Under this standard, a trial court abuses its discretion when no reasonable view of the record could support its ruling. *State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021).

Article 17.151 provides in relevant part:

> Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony; . . .

Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1).

Under article 17.151, the State has the initial burden to make a prima facie showing that it was ready for trial within the statute's 90-day time period. *See Ex parte Jones*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991); *Ex parte Ragston*, 422 S.W.3d 904, 906 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's "readiness" refers to the prosecution's preparedness for trial. *Ragston*, 422 S.W.3d at 907. "The State may accomplish this either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time." *Id.* (quoting *Jones*, 803 S.W.2d at 717).

If the State makes the required showing, then the defendant has the burden to rebut the showing. *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.). If the defendant fails to make a sufficient rebuttal, the trial court may conclude in its discretion that the State was ready for trial timely. *Id.*

5

The State argues first that a timely indictment alone is sufficient to meet its prima facie burden to show trial readiness. The State contends that the trial court did not err because appellant was indicted for capital murder within ninety days of appellant's arrest. Further, the State continues, appellant cannot rely on the prosecutor's statements at the November 2, 2023 and January 8, 2024 hearings to rebut the State's showing of trial readiness because a "non-superficial" and complete reading of those statements shows that the prosecutor meant merely that some evidence remained outstanding, not that the State was not ready for trial.

The State cites several cases in support of its first argument, including *Kernahan v. State*, which held that the existence of a charging instrument is an element of State preparedness. 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). *Kernahan* does not address our issue, however, because in that case the defendant was not indicted within ninety days of arrest. The court held that the absence of an indictment within the statutory period meant that the State was not ready for trial. *Id*. None of the cases the State cites, including *Kernahan*, has held that the filing of a charging instrument within the ninety-day time period is alone sufficient to show the State's trial readiness. The issue was not presented in those cases because, in all of them, the State had announced ready for trial within ninety days of the defendants' arrest. *See Ex parte Dresner*, No. 03-22-00018-CR, 2023 WL 8285108, at *3 (Tex. App.—Austin Dec. 1, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Highsmith*, 652 S.W.3d 850, 859 (Tex. App.—Austin 2022, pet. ref'd); *McClellan v. State*, 701 S.W.2d 671, 675 (Tex. App.—Austin 1985), aff'd, 742 S.W.2d 655 (Tex. Crim. App. 1987)); *see also Ex parte Pace*, No. 03-20-00430-CR, 2021 WL 728168, at *9 (Tex. App.—Austin Feb. 25, 2021, no pet.) (mem. op., not designated for publication).

Presuming for argument's sake that an indictment filed within ninety days of arrest is alone sufficient to meet the State's prima facie burden of trial readiness—an issue we do not decide—the State's purported trial readiness here was either negated or rebutted by the prosecutor's affirmative statement at the November 2, 2023 hearing that, at that time (over six months after appellant's arrest), the State was not ready for trial. When the State affirmatively declares that it is not ready for trial after the ninety-day time period has passed, we cannot say that an indictment within the ninety-day period, by itself, satisfies the State's burden.

According to the State, the prosecutor's remarks at the November 2, 2023 hearing were not intended to indicate unreadiness for trial but rather merely that some evidence remained outstanding, namely DNA testing of the firearm allegedly used by appellant during the offense. Because the DNA evidence was outstanding, the prosecutor meant to communicate that proceeding to trial at that time would not be "ideal" because the State could not yet formulate a complete pretrial offer. Nonetheless, at the January 8, 2024 hearing, the prosecutor confirmed that the State would be ready for any future trial date and was currently ready.

Crediting the prosecutor's statements at the January 8, 2024 hearing, they show at most that the State was ready for trial at that time. A showing of trial readiness after the ninety-day period has expired is insufficient under article 17.151, section 1(1). *See Jones*, 803 S.W.2d at 717 ("It is not enough that the State appear in open court after the running of the applicable period and declare itself at that time ready for trial."). The prosecutor made no attempt to show that the State had been ready for trial within ninety days of appellant's arrest. Nothing about the prosecutor's statements at either hearing reasonably could be construed as communicating that the State was ready for trial within the ninety-day period. For

7

this reason, the State's reliance on *Ex parte Jackson*, No. 03-18-00494-CR, 2019 WL 1782037, at \*3 (Tex. App.—Austin Apr. 24, 2019, no pet.) (mem. op., not designated for publication), is misplaced.[1]

Under the present circumstances, the trial court had only two options: either release the accused on personal bond or reduce the required bail to an amount he could afford. *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *Gill*, 413 S.W.3d at 429. Because the trial judge exercised neither option, we conclude he abused his discretion. *Lanclos*, 624 S.W.3d at 927-28. We sustain appellant's sole issue.

## Conclusion

We reverse the trial court's January 8, 2024, order and remand the case to the habeas court for further proceedings consistent with this opinion.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] In *Jackson*, the court held that the prosecutor's references to the clerk's file, together with other comments, communicated to the trial court that the State had been ready for trial within the ninety-day statutory period. *Id.*